[No. 56570–8.   En Banc.   April 12, 1990.]

JAMES A. KIRK, *Appellant*, v. JERRY MOE,
*Respondent*.

*Helsell, Fetterman, Martin, Todd & Hokanson,* by *William A. Helsell* and *Robert N. Gellatly,* for appellant.

*Ries & Kenison,* by *Harry E. Ries,* for respondent.

BRACHTENBACH, J.—An employer seeks contribution from his employee following settlement by the employer, and others, with the injured party as a result, at least in part, of the employee's negligence.

The main issue is this: When an injured party releases both the principal and agent from liability, but the agent does not participate in the settlement agreement, is the agent thereby discharged from liability to the principal for contribution or indemnity under RCW 4.22.060(2)?

A secondary issue is whether the employer is equitably estopped from seeking contribution by his attorney's conduct during the underlying action?

The trial court granted summary judgment to the defendant–employee in the contribution action. We reverse.

The contribution suit arose out of a personal injury action referred to herein as the tort case. Kirk is the plaintiff in this contribution action, his employee Moe is the defendant.

The tort case was a multi–defendant case. The plaintiff in the tort case was Zucker. Kirk leased and operated a farm from the farm owners, defendants Peterson. Moe was Kirk's farm foreman. Across the farm ran a buried petroleum transmission pipeline, owned and operated by Chevron Pipe Line Company (Chevron). The pipeline carried jet fuel.

Farmer Kirk contracted with Zucker for Zucker to fill a "washout" in the vicinity of and over the Chevron pipeline. The pipeline was partially exposed by the "washout," a fact which Moe knew, but of which farmer Kirk had no actual knowledge. Zucker's land leveler struck and ruptured the pipeline; the spewing jet fuel caught fire, causing severe injuries to Zucker. In the tort action Zucker sued Chevron, farmer Kirk, and owners Peterson. Chevron joined Moe as a defendant.

A settlement of $1.2 million was paid to Zucker; Kirk's insurance carrier contributed $405,000. Throughout the tort action, Kirk maintained that his liability was predicated solely upon vicarious liability for the acts and omissions of his employee, Moe. Zucker released from liability all defendants, including Moe.

Prior to settlement, Kirk had tendered defense to Grange Insurance Association (Grange), Moe's liability carrier. However, neither Moe nor Grange contributed to the settlement. Kirk specifically requested that the release by plaintiff Zucker would also release Moe.

At the same time as the settlement with Zucker, the defendants proposed a mutual release among all defendants, including Moe, "except for any and all claims of James A. Kirk and his insurer against Jerry Moe and Lonnie Moe and their insurer."

Moe's attorney, retained by Grange, refused to sign the mutual release, stating "we are unwilling to execute a mutual release of cross–claims which eliminates our right to proceed against any other party for contribution." Consequently, the other defendants in the tort action executed a mutual release without reference to Moe.

Kirk's carrier, after the settlement of the tort case, offered to settle its contribution claim against Moe for the lesser of its contribution to the settlement or the Grange policy limits. Subsequently, Kirk's carrier offered to submit its claim to arbitration. Grange refused payment of its policy limits as contribution on behalf of Moe; those limits

were less than the amount Kirk's carrier paid toward settlement of the tort case. This lawsuit by Kirk against Moe for contribution ensued.

Kirk, the principal vicariously liable, claims contribution from his employee, Moe, pursuant to RCW 4.22.040(1) which provides, in part:

> A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose.

RCW 4.22.040(2) conditions contribution recovery upon two factors, to wit:

> Contribution is available to a person who enters into a settlement with a claimant only (a) if the liability of the person against whom contribution is sought has been extinguished by the settlement and (b) to the extent that the amount paid in settlement was reasonable at the time of the settlement.

The purpose of the conditions in RCW 4.22.040(2) is apparent. First, the party against whom contribution is sought is to be protected from double liability, *i.e.*, to the settling tortfeasor who seeks contribution and to the injured plaintiff. The potential liability to the injured party is eliminated if the nonsettling tortfeasor has been released by the injured party. The amount of the contribution is protected by the requirement that the amount paid be reasonable at the time of settlement. Comment, *Contribution Among Tort-feasors in Washington: The 1981 Tort Reform Act*, 57 Wash. L. Rev. 479, 494 (1982). *Glover v. Tacoma Gen. Hosp.*, 98 Wn.2d 708, 715, 658 P.2d 1230 (1983), *overruled on other grounds in Crown Controls, Inc. v. Smiley*, 110 Wn.2d 695, 756 P.2d 717 (1988).

The question of the reasonableness of the settlement has not been adjudicated. Kirk acknowledges in his trial brief (Clerk's Papers, at 38) and his appellant's brief that reasonableness is yet to be determined. Brief of Appellant, at 15.

Kirk's contribution claim fits squarely within the terms of RCW 4.22.040(1) and (2) in that the liability of the nonsettling tortfeasor, Moe (jointly and severally liable with Kirk) was extinguished, and the amount of contribution is subject to a reasonableness determination.

The defendant Moe, however, contends that a subsequent statute, RCW 4.22.060(2) discharges him from liability for contribution. That statute provides in relevant part: "A release . . . entered into by a claimant and a person liable discharges that person from all liability for contribution". RCW 4.22.060(2). Moe's position is stated by him thusly: "It is uncontroverted at bar that the claimant, Zucker, entered into a release with the persons liable, to wit: KIRK and MOE. Once the release was entered into all contribution claims were discharged. The settling parties have no further recourse." Brief of Respondent, at 4.

■ The fault with and fallacy of Moe's position is his assumption that *he* entered into a settlement solely by the fact that he was discharged by the settlement. Moe did nothing toward settlement. To be a settling party, one must contribute to the settlement, not merely be a beneficiary by reason of discharge.

■ If Moe's interpretation and application of RCW 4.22.060(2) were correct, the right of contribution provided for in RCW 4.22.040(1) and (2) would be rendered meaningless. RCW 4.22.040(2) conditions contribution upon release by the claimant of the person against whom contribution is sought. Moe would have the satisfaction of that condition, which exists for his benefit (by protecting him from double liability), automatically free him from contribution liability. A statute is not to be interpreted in such a way that it produces an absurd result or renders meaningless its enactment. *Pasco v. Napier*, 109 Wn.2d 769, 773, 755 P.2d 170 (1988).

■ The overall purpose of RCW 4.22 is to encourage settlement while ensuring full compensation to tort victims. *Seattle Western Indus., Inc. v. David A. Mowat Co.*, 110 Wn.2d 1, 5, 750 P.2d 245 (1988). "The settlement of a

claimant's entire claim should be strongly encouraged. Consequently, a settling defendant's right to contribution will be preserved against a released, non–settling defendant whose liability is extinguished by the settlement." (Footnotes omitted.) Harris, *Washington's Unique Approach to Partial Tort Settlements: The Modified Pro Tanto Credit and the Reasonableness Hearing Requirement,* 20 Gonz. L. Rev. 69, 112 (1984–1985).

Moe's interpretation of RCW 4.22.060(2) would defeat the purpose of encouraging settlement. His position cannot be reconciled with the condition of RCW 4.22.040(2)(a). By complying with RCW 4.22.040(2)(a) in obtaining the release of Moe, Kirk, the settling defendant, would automatically bar Kirk's right to contribution against Moe if RCW 4.22-.060(2) were read as Moe contends. Rather than encouraging settlements by one or more liable parties, Moe's interpretation would remove all incentive to reasonably compensate the injured party.

Moe relies heavily on *Glover v. Tacoma Gen. Hosp., supra,* and particularly one phrase, nine words, out of a 15–page opinion. That phrase is: "contribution and indemnity rights do not survive a settlement." *Glover,* at 724. At first blush this phrase seems to support Moe's position, but an examination of the facts of *Glover* demonstrates that that phrase should not be taken out of context. In fact, the *Glover* facts are exactly opposite those of the present case. In part, *Glover* concerned a potential contribution claim by a nonsettling tortfeasor who did not participate in the settlement. The court did not permit a contribution claim against those tortfeasors who did participate in the settlement. *Glover,* at 724.

Indeed, Moe ignores language which appears earlier in the *Glover* opinion, to wit: "For instance, if A and B both cause injury to C, and A settles with C and extinguishes B's liability to C, A may recover contribution from B; but only if the amount he paid was reasonable." *Glover,* at 715. Applied here, that *Glover* language means that A (Kirk vicariously) and B (Moe primarily) both injure C (Zucker)

and A (Kirk) settles with C (Zucker) and extinguished B's (Moe's) liability to C (Zucker), A (Kirk) may recover contribution from B (Moe).

■ Moe's reliance upon *Zamora v. Mobil Oil Corp.*, 104 Wn.2d 211, 704 P.2d 591 (1985) is also misplaced. That case made clear that it is the *settling* defendant who is released from all liability, including contribution. *Zamora*, at 218. As demonstrated above, Moe was not a settling defendant.

We hold that RCW 4.22.040 grants to Kirk, the vicariously liable principal, a right of contribution against Moe, his primarily liable agent, by virtue of Kirk's settlement with the injured party when that settlement released the agent, subject to the reasonableness of the settlement.

The remaining issue arises from Moe's contention that Kirk is estopped from maintaining a claim for contribution. He contends: (1) that Kirk's insurance carrier hired a lawyer to represent both Kirk and Moe; (2) the attorney assured Moe that Moe's interests would be protected; and (3) that Moe cooperated and gave a deposition before he was independently represented. Significantly these assertions by Moe, in his brief, are totally without reference to the record. Brief of Respondent, at 9, 10. This omission violates RAP 10.3(a) and (b).

Kirk's attorney strongly disputes Moe's claims. We need not recite each contention and while we are persuaded that Kirk's attorney did not mislead Moe, it is not our persuasion which is relevant. If there is a dispute about material facts, summary judgment is not to be granted.

Assuming only for this decision that there were statements which are inconsistent with Kirk's claim for contribution, equitable estoppel does not arise unless Moe relied thereon and was injured thereby. *Wendle v. Farrow,* 102 Wn.2d 380, 382, 686 P.2d 480 (1984). "The party alleging estoppel must prove all elements." *Department of Ecology v. Adsit,* 103 Wn.2d 698, 703, 694 P.2d 1065 (1985).

■ As a matter of law, Moe has shown no detrimental reliance upon any acts or statements by Kirk's attorney.

His sole assertion of detrimental reliance is that he "cooperated fully with KIRK'S attorney, making statements that may well be detrimental to him in a contribution action." Brief of Respondent, at 11. Again, there is no citation to the record, none at all. RAP 10.3(a), (b). Even taken at face value, these assertions are mere conclusions. "The 'facts' required by CR 56(e) . . . are evidentiary in nature. Ultimate facts or conclusions of fact are insufficient." *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 359, 753 P.2d 517 (1988).

Moe was obligated by law to give his deposition. He was obligated by oath to tell the truth. How he would have acted differently is not suggested, perhaps with good reason. Certainly he cannot imply that he would not have told the truth. He fails to ever suggest any *fact* of how he changed his position in reliance on what he now asserts is a misleading or inconsistent position by Kirk. Equitable estoppel requires "clean hands"; the defense is available only to an innocent party. *Mutual of Enumclaw Ins. Co. v. Cox*, 110 Wn.2d 643, 650–51, 757 P.2d 499 (1988).

The trial court's amended order granting summary judgment to defendant Moe identifies matters considered, but those documents do not contain anything more than Moe's conclusions about what he might have done. In short those documents provide no more than described above. In its Memorandum Decision the trial court does not analyze the elements of equitable estoppel nor explain how there was detrimental reliance. The trial court, citing *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 715 P.2d 1133 (1986), refers to an insurance carrier's "enhanced fiduciary obligation to act in good faith." Clerk's Papers, at 179–80. *Tank* is not applicable; Moe was not an insured under Kirk's policy, a fact of which he was informed. Indeed, before settlement negotiations Moe's own carrier obtained counsel for him.

We hold that Moe's claim of equitable estoppel fails as a matter of law because of his failure to show an essential element, detrimental reliance.

Finally, we note that Kirk maintains that his liability to Zucker was predicated solely upon his vicarious liability for the acts and omissions of his employee. Moe, on the other hand, contends that Kirk was also directly liable in the tort case as a result of Kirk's own acts and omissions. We grant summary judgment in favor of Kirk on the issue of his right to seek contribution from Moe. We do not, however, rule on the issue of Kirk's potential direct liability.

The order granting summary judgment to the defendant is reversed, summary judgment on the issue of plaintiff's right to seek contribution shall be granted to plaintiff. The matter is remanded for determination of the amount of plaintiff's direct liability, if any, and for determination of the reasonableness of the settlement, pursuant to RCW 4.22.040.

CALLOW, C.J., UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., and JAMES, J. Pro Tem., concur.