[No. 59800-2.   En Banc.   September 9, 1993.]

SHERRY GERRARD, *Plaintiff*, v. JACK CRAIG, ET AL, *Respondents*, EDWARD M. LAWSON, *Petitioner*.

*Merrick, Hofstedt & Lindsey, P.S.,* by *Sidney R. Snyder, Jr.,* and *Ronald S. Dinning,* for petitioner.

*Petersen, Lycette & Snook, P.S.,* by *Keith A. Bolton,* for respondents.

*Donald C. Harrison* on behalf of Washington Defense Trial Lawyers, amicus curiae for petitioner.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amicus curiae.

SMITH, J. — Petitioner Edward M. Lawson seeks review of a decision of the Court of Appeals, Division One, reversing summary judgment dismissal with prejudice by the King

County Superior Court of cross claims of Respondents Jack Craig and Immaculate J. Lupis for contribution against petitioner arising out of a chain automobile collision.[1] We granted review. We reverse the Court of Appeals.

STATEMENT OF FACTS

This case arises out of an October 26, 1985, chain collision involving four automobiles at the intersection of North 103rd Street and Aurora Avenue North in Seattle. Ms. Sherry Gerrard was a passenger in the second of two automobiles then stopped at a traffic signal. She sustained physical injuries when a third automobile driven by Respondent Immaculate J. Lupis, and owned by Respondent Jack Craig, "rear-ended" the second vehicle which then struck the first automobile driven by Scott Vernon Wayne, Jr., who is not a party to this proceeding. According to the police traffic collision report, Ms. Lupis saw the two vehicles stopped at the intersection, but "the car wouldn't stop."[2] Shortly after the first collision, a fourth vehicle driven and owned by Petitioner Edward M. Lawson struck the third vehicle, driven by Ms. Lupis, aggravating its impact with the second one in which Ms. Gerrard was a passenger. Mr. Lawson indicated to the investigating officer that he realized a collision was imminent, "but was unable to stop in time."[3] Ms. Gerrard played no part in causing the collisions.

On October 11, 1988, Ms. Gerrard filed in the King County Superior Court a personal injury action against the drivers of the third and fourth automobiles, Ms. Lupis (and Mr. Craig, owner) and Mr. Lawson. On October 25, 1989, Mr. Craig and Ms. Lupis filed a cross claim for contribution against Petitioner Lawson. He answered with an affirmative defense of insufficiency of process.

On August 29, 1989, Petitioner Lawson moved for summary judgment against Ms. Gerrard, Mr. Craig and Ms. Lupis. He asserted that Ms. Gerrard did not properly serve

---

[1]*Gerrard v. Craig*, 67 Wn. App. 394, 836 P.2d 837 (1992).

[2]Clerk's Papers, at 81.

[3]Clerk's Papers, at 81.

him, with the result that the trial court did not acquire jurisdiction over him. Further, he claimed that the statute of limitations had run on Ms. Gerrard's claim. He asked for dismissal of all claims against him.

The motion for summary judgment was contested by Ms. Gerrard, but Respondent Craig and Respondent Lupis neither responded to it nor appeared at the hearing on the motion. On September 20, 1989, the court, the Honorable Edward Heavey, granted Petitioner Lawson's summary judgment motion with prejudice. Ms. Gerrard and Respondent Craig and Respondent Lupis then proceeded to arbitration on Ms. Gerrard's claim against them. On June 27, 1990, an arbitrator entered an award of $28,939.91 in favor of Ms. Gerrard.

Respondents Craig and Lupis then requested a trial in superior court on the arbitration award. On August 16, 1990, they moved for reconsideration of the September 20, 1989, summary judgment dismissal of their cross complaint for contribution against Petitioner Lawson. On September 4, 1990, the court, the Honorable Edward Heavey, denied the motion. Ms. Gerrard and Respondents Craig and Lupis later reached a settlement for $18,923. On November 5, 1990, the court entered a stipulated judgment incorporating the settlement:

> IT IS STIPULATED by and between plaintiff Sherry Gerrard and defendants Jack Craig and Jane Doe Craig, his wife, and Immaculate J. Lupis, that plaintiff is entitled to judgment against said defendants in the sum of $18,923, including all costs.[4]

On November 30, 1990, Respondents Craig and Lupis filed a notice of appeal to the Court of Appeals on dismissal of their cross claim and denial of their motion to set aside that dismissal. The Court of Appeals, Division One, the Honorable Faye C. Kennedy writing, reversed and remanded for determination of the contribution claim.[5] On February 3, 1993, this court granted review.

---

[4]Clerk's Papers, at 52.

[5]*Gerrard v. Craig*, 67 Wn. App. 394, 836 P.2d 837 (1992).

## QUESTION PRESENTED

This case presents the question whether, under RCW 4.22-.070, in the case of a chain collision involving four automobiles, one tortfeasor may seek contribution from another tortfeasor who has obtained dismissal of the plaintiff's tort claim on summary judgment.

## DISCUSSION

RCW 4.22.030 provides that "[e]xcept as otherwise provided in RCW 4.22.070, if more than one person is liable to a claimant on an indivisible claim for the same injury, death or harm, the liability of such persons shall be *joint and several.*"[6]

RCW 4.22.070 establishes *several liability* as the rule in cases involving multiple tortfeasors, but identifies exceptions to the rule, one of which, contained in former subsection (1)(b), is applicable to this case:

> (1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages, including the claimant . . ., defendants, third-party defendants, entities released by the claimant, entities immune from liability to the claimant and entities with any other individual defense against the claimant. Judgment shall be entered against each defendant *except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant* in an amount which represents that party's proportionate share of the claimant's total damages. The *liability of each defendant shall be several only and shall not be joint except:*
>
> . . . .
>
> (b) If the trier of fact determines that the claimant . . . was not at fault, the *defendants against whom judgment is entered* shall be *jointly and severally liable* for the sum of their proportionate shares of the claimant[']s total damages.

---

[6](Italics ours.) In the simplest sense, "joint liability" occurs when a "joint obligor has.[a] right to insist that co-obligor be joined as a codefendant . . . that is, that they be sued jointly"; and "several liability" means "distinctly, separately, apart from others . . . [and when applied to a number of persons] usually implies that each one is liable alone." Black's Law Dictionary 973, 1540 (4th rev. ed. 1976). "Joint and several liability" occurs "when the creditor may sue one or more of the parties to such liability separately, or all of them together at [the creditor's] option." Black's Law Dictionary 972 (4th rev. ed. 1976).

> (2) If a defendant is jointly and severally liable under . . . [subsection] (1)(b) of this section, such defendant's rights to contribution against another jointly and severally liable defendant, and the effect of settlement by either such defendant, shall be determined under RCW 4.22.040, 4.22.050, and 4.22.060.

(Italics ours.)

After determining that Appellants (respondents here) Craig and Lupis had not waived their right to appeal,[7] the Court of Appeals concluded that the trial court erred in granting summary judgment dismissal of the claim for contribution and in denying a motion to reconsider the dismissal. Citing *New Meadows Holding Co. v. Washington Water Power Co.,*[8] the court concluded that Appellants (respondents here) Craig and Lupis had not waived their right to maintain an action for contribution by failing to contest Respondent (petitioner here) Lawson's motion for summary judgment.[9]

In determining the merits of respondents' claim for contribution, the Court of Appeals referred to RCW 4.22.070. The court reasoned that subsection (1) of the statute applies only when the trier of fact has before it evidence sufficient to enable it to make a determination of fault among all parties who caused a plaintiff's injuries, stating that "fault cannot be determined independently from the determination of causation . . .."[10] The court reasoned further that where sufficient evidence exists for such determinations, several liability applies. The court noted that in creating the several liability rule, the Legislature recognized in subsection (1)(a) three common law exceptions for tortfeasors: (1) when they are principal and agent, (2) when they are master and servant or (3) when they act in concert.

The Court of Appeals then examined chain automobile collisions and reasoned that because such collisions preclude

---

[7]*Gerrard v. Craig, supra* at 398.

[8]102 Wn.2d 495, 687 P.2d 212 (1984).

[9]*Gerrard v. Craig, supra* at 398.

[10]*Gerrard v. Craig, supra* at 403.

the finder of fact from determining causation in fact, there was no basis for assigning proportionate fault. Consequently, the court reasoned that it had to decide whether

the Legislature intended, for purposes of the typical chain collision situation, (1) to empower triers of fact to make arbitrary determinations based on no factual evidence, or insufficient factual evidence, in apportioning fault; or (2) to retain an additional recognized common law exception, *i.e.*, to retain joint and several liability *where there is insufficient factual evidence upon which to base a determination of the percentage of total fault attributable to each entity which caused the claimant's damages.*[11]

After considering whether an injury resulting from a chain collision automobile accident qualifies as indivisible, the Court of Appeals rejected the first option as "abhorrent and absurd . . .."[12] It concluded that the Legislature must have intended to retain under RCW 4.22.070(1)(b) a common law joint and several liability exception "*in cases where there is insufficient factual evidence upon which a trier of fact could rationally determine the percentage of the total fault which is attributable to two or more tortfeasors.*"[13]

The Court of Appeals then concluded that the record did not provide a sufficient basis for it to decide whether the intended joint and several liability common law exception applied to the circumstances in this case. It reasoned that only a remand to the trier of fact could answer that question. The court adopted the holding in *Smith v. Jackson*[14] that a joint tortfeasor may pursue a claim for contribution "after the original statute of limitation has run as long as the original claim was timely filed. All that is required to maintain a contribution action is that it is brought within 1 year of settlement of a pending cause of action."[15]

---

[11]*Gerrard v. Craig, supra* at 405.

[12]*Gerrard v. Craig, supra* at 405.

[13]*Gerrard v. Craig, supra* at 406.

[14]106 Wn.2d 298, 721 P.2d 508 (1986).

[15]*Smith,* at 304.

The court then stated that "so long as there is the *potential* for joint and several liability, as there is in this case, we hold that *Smith* is still good authority, notwithstanding the enactment of the 1986 tort reform act."[16] Accordingly, the Court of Appeals concluded that only a hearing on remand could determine the joint and several liability issue.

Petitioner Lawson and Respondents Craig and Lupis agree in their contention that the Court of Appeals misconstrued RCW 4.22.070.

Petitioner Lawson's argument comprises four parts. *First*, that causation is difficult to separate in every case of indivisible injury; and consequently, predicating assignment of fault on establishing causation will create uncertainty for courts and litigants in indivisible injury cases. *Second*, that the Court of Appeals held that the Legislature could not have intended for a trier of fact to apportion fault without evidence concerning the conduct of all potential tortfeasors; and regardless, the court remanded for just such a determination in this case. *Third*, that the decision of the Court of Appeals conflicts with the choice by the Legislature to provide potential immunity from liability for some tortfeasors in cases like this one. *Fourth*, that the Court of Appeals assumed that the trier of fact could not apportion fault, but acknowledged that the record contained no factual basis for that assumption.

Respondents Craig and Lupis respond with a three part argument. *First*, that the Court of Appeals erred by adding to RCW 4.22.070 a common law exception to the several liability rule. *Second*, that the Court of Appeals correctly held that the potential for joint and several liability between a settling defendant and a nonsettling defendant provides the settling one with a basis for pursuing an action for contribution because subsection (2) "contemplates that *settling defendants* may pursue contribution claims."[17] *Third*, that the Court of Appeals correctly ruled that Respondents Craig

---

[16]*Gerrard v. Craig, supra* at 409.

[17]Answer to Petition for Review, at 14.

and Lupis did not waive their right to appeal dismissal of their contribution claim. The respondents agree with the Court of Appeals that *Smith v. Jackson, supra*, is still good law.

Petitioner Lawson agrees that the Court of Appeals erred by creating an additional common law exception to the several liability rule. But he contends that the failure of Respondents Craig and Lupis to contest the motion for summary judgment should have precluded an appeal on the merits. Finally, he asserts that this court's decision in *Washburn v. Beatt Equip. Co.*[18] eliminates the relevance of any case cited by Respondents Craig and Lupis and precludes the possibility that he can be jointly and severally liable.

Respondents Craig and Lupis state that *Washburn* is not controlling because it is distinguishable, arguing that in *Washburn* the defendant did not settle with the plaintiff, but, instead, the plaintiff obtained a judgment based on the defendant's proportionate fault. Respondents assert that they "settled the liability of *all* defendants prior to any judgment, and prior to determination of proportionate fault."[19]

Amici curiae, Washington State Trial Lawyers Association and Washington Defense Trial Lawyers, submitted briefs. The arguments in those briefs focus on policy questions which this court need not address.

*Washburn*, decided after the Court of Appeals' decision in this case, provides a clear basis for resolving this appeal.[20]

---

[18]120 Wn.2d 246, 840 P.2d 860 (1992).

[19]Supplemental Brief of Respondents Craig and Lupis, at 6.

[20]Both parties cite a law review article by Professor Cornelius J. Peck: *Washington's Partial Rejection and Modification of the Common Law Rule of Joint and Several Liability*, 62 Wash. L. Rev. 233 (1987). Although the article focuses on issues of broader import than this case presents, Professor Peck, at pages 253-54, anticipated a ruling like that in *Washburn*:

[S]ection 401(1)(b) states, "If the trier of fact determines that the claimant . . . was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable . . . ." This strongly suggests that joint and several liability exists only after the entry of judgment. Section 401(2) reinforces this reading by providing a right of contribution only for parties who are jointly

Mr. Washburn sustained severe burns and permanent injuries from a fire resulting from explosion of a standby propane fuel system. He sued and recovered from the manufacturer of the system. A jury found the defendant, Beatt Equipment Co., was the manufacturer and that it was 80 percent at fault. Another defendant, Petrolane, Inc., obtained a release from the plaintiff. Asserting the applicability of RCW 4.22-.070, Beatt sought an offset against the judgment in the amount paid by Petrolane in settlement. This court examined the provisions of the statute to determine the propriety of the offset. The majority reasoned that RCW 4.22.070 applies only under certain conditions. *First*, subsection (1)(b) requires a plaintiff who is not at fault. *Second*, under the same subsection "*only* defendants against whom judgment is entered are jointly and severally liable . . .. A defendant against whom judgment is entered is specifically defined by RCW 4.22.070(1) as 'each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense . . .'."[21] *Third*, subsection (2), which explains when the effect-of-settlement and contribution provisions of RCW 4.22 are applicable, directs that they apply only if "a defendant is jointly and severally liable under . . . subsections (1)(a) or (1)(b) . . .."[22] The court concluded that because Petrolane, a released defendant, was not a defendant against whom judgment was entered, it could not be jointly and severally liable under RCW 4.22.070(1) and, therefore, Beatt was not entitled to an offset.

---

and severally liable under section 401(1), and that section makes it clear that a judgment is to be entered only against parties who are defendants and not defendants or entities released by a claimant. Section 401(2) of the 1986 Act does provide that a defendant's right to contribution shall be determined under the law which governed contribution between tortfeasors prior to the enactment of the 1986 statute. It would, however, be a tortured reading of that section to conclude that a party is jointly and severally liable if an action might have been, even though it has not been, pursued to judgment.

[21]*Washburn*, at 294.

[22]*Washburn*, at 295.

RCW 4.22.070(2) provides that

> [i]f a defendant is jointly and severally liable under one of the exceptions listed in subsections (1)(a) or (1)(b) of this section, such defendant's rights to contribution against another jointly and severally liable defendant, and the effect of settlement by either such defendant, shall be determined under RCW 4.22.040, 4.22.050, and 4.22.060.

■ This court's reasoning in *Washburn* applies equally well to the facts in this case. Here, as in *Washburn*, the claimant was not at fault. In order to determine applicability of the statute, however, we must first determine whether Petitioner Lawson is a defendant against whom judgment has been entered. Petitioner Lawson correctly points out that he prevailed against Ms. Gerrard on a motion for summary judgment. Besides, the statute of limitations had run prior to her commencing the action against him. He cannot under these circumstances be potentially liable to Ms. Gerrard and cannot become a defendant against whom judgment is entered. Once the statute of limitations had run, there was no longer a possibility that Petitioner Lawson could become jointly and severally liable for Ms. Gerrard's injuries. Under *Washburn*, RCW 4.22.070(2) applies only if there are jointly and severally liable defendants. Consequently, Respondents Jack Craig and Immaculate J. Lupis had no possible claim for contribution against Petitioner Edward M. Lawson.

### SUMMARY AND CONCLUSIONS

In this case we must determine whether, under RCW 4.22-.070, one tortfeasor in the case of a chain collision involving four automobiles may seek contribution from another tortfeasor who has prevailed on summary judgment with dismissal of the plaintiff's tort claim. This court's decision in *Washburn*, announced after the Court of Appeals' decision in this case, makes clear that only those defendants against whom a claimant has obtained a judgment can be jointly and severally liable. There is a basis for contribution only where there is joint and several liability. Because Ms. Gerrard's claim

against Petitioner Lawson was dismissed on summary judgment and she did not obtain a judgment against him, he could not be jointly and severally liable with Respondents Craig and Lupis, against whom Ms. Gerrard did obtain a judgment. As a consequence, Respondents Craig and Lupis cannot obtain contribution from Petitioner Lawson.

We reverse the Court of Appeals and affirm the King County Superior Court in dismissing the claim of Respondents Jack Craig and Immaculate J. Lupis for contribution against Petitioner Edward M. Lawson.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, GUY, JOHNSON, and MADSEN, JJ., concur.