963 P.2d 834 (1998)
136 Wash.2d 437
Herbert R. KOTTLER, a resident of Clallam County; and Olympic Rentals, Inc., a corporation, Appellants,
v.
STATE of Washington, Respondent.
Daniel R. WETHERINGTON, d/b/a American Stage Lines, and Donna Cox, a single woman, Appellants,
v.
WEYERHAEUSER COMPANY, a Washington corporation; The State of Washington and The Department of Natural Resources, a Division of the State of Washington; The Washington State Society of The Society of American Foresters, an unincorporated fraternal association; and the Society of American Foresters, a foreign corporation, Respondents.
Nos. 65256-2, 65515-4.
Supreme Court of Washington, En Banc.
Argued February 11, 1998.
Decided September 24, 1998.
*836 Reed, McClure, William Hickman, Lisa Kirk, Seattle, Gierke, Curwen, Metzler & Erie, Leigh D. Erie, Gregory Curwen, Tacoma, Thomas Merrill, Milton, for Appellants.
Christine Gregoire, Attorney General, Rene Tomisser, Michael Lynch, Glen Anderson, Assistant Attorney Generals, Olympia, Brown, Lewis, Janhunen & Spencer, Douglas Lewis, Montesano, Hillis, Clark, Martin & Peterson, Mark Clark, Lynne M. Cohee, Lane, Powell, Spears & Lubersky, Charles Huber, Seattle, for Respondents.
*835 SANDERS, Justice.
We are asked whether a settling party in a civil tort action is entitled to contribution from another alleged tortfeasor based upon a pretrial settlement with a fault-free injured party. We hold such settling party may not seek contribution unless joint and several liability arises under one of the exceptions listed in RCW 4.22.070 and conclude joint and several liability will not arise under RCW 4.22.070(1)(b) unless a judgment is entered.
This proceeding consolidates two separate actions. In the first, Kottler v. State, No. 65256-2, Herbert Kottler drove a van owned by his employer, Olympic Rentals, Inc., off the roadway in a single-car accident. Louis Steiner, his passenger, was seriously injured and sued Kottler and Olympic Rentals[1] for his injuries. The State was never named in that suit. Prior to trial Kottler settled with Steiner and obtained a full release.[2] Kottler then brought a separate contribution suit under RCW 4.22.040 against the State, alleging the State's negligence[3] was a cause of the Kottler accident and claiming the State should therefore bear proportionate liability for the damages paid by Kottler in settlement.
In the second case, Wetherington v. Weyerhaeuser, No. 65515-4, a tour bus filled with timber conference participants veered off the roadway, and rolled down the hillside. This American Stage Lines (ASL) bus was chartered to tour participants of a timber conference hosted by the Washington State Society of the Society of American Foresters and the Society of Foresters (Society of Foresters) to view logging sites in the Capitol State Forest. As the bus driver attempted to pass a car on the outside edge of a curve on a one-lane dirt logging road, the bus drove off the road and rolled down the hillside to the creek below, injuring 45 passengers and killing one.
The record does not indicate whether the injured riders brought suit in court against ASL or anyone else; however, we know ASL settled in full with 41 of the injured passengers and that the settlement agreement released ASL and all other potential defendants from claims of liability.
However, after settlement ASL through its president, Daniel Wetherington, brought suit for contribution under RCW 4.22.040 against the State and Department of Natural Resources (State), the Society of Foresters, and the Weyerhaeuser Company, asserting each shared in the fault which caused the bus accident and claiming each should bear a portion of the liability. ASL asserts the State was at fault for maintaining a substandard logging road while the Society of Foresters and Weyerhaeuser were at fault for setting the tour route and directing the *837 bus onto the allegedly substandard logging road.
In both cases the defendants moved for summary judgment dismissal of the contribution actions under CR 12(b)(6) and CR 56, arguing there was no joint and several liability and thus no right to contribution. The trial courts agreed and dismissed the contribution actions. We granted direct review and affirm.

Contribution
Kottler and ASL claim the right of contribution. Contribution in tort is the right of one who has paid a common liability to recover a portion of the payment from another tortfeasor who shares in that common liability. Black's Law Dictionary 328 (6th ed.1990). At common law there was no right to contribution among tortfeasors, and a tortfeasor who paid an entire liability could not seek contribution from another tortfeasor even where that other tortfeasor paid nothing to the injured party yet was jointly and severally liable for the entire harm. Washburn v. Beatt Equip. Co., 120 Wash.2d 246, 292, 840 P.2d 860 (1992); Wenatchee Wenoka Growers Ass'n v. Krack Corp., 89 Wash.2d 847, 850, 576 P.2d 388 (1978). The rule against contribution was premised in part on notions of "indivisibility of harm" and the conceptual difficulties of allocating fault. Washington followed the common-law rule against contribution until 1981 when the Legislature created a statutory right to tort contribution. Laws of 1981, ch. 27, §§ 12-14 (codified at RCW 4.22.040-.060).[4]
The 1981 contribution statute provides:
A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose. The basis for contribution among liable persons is the comparative fault of each such person....
RCW 4.22.040(1) (emphasis added.)
Thus the contribution statute specifically limits the right to contribution to parties "jointly and severally liable" for the underlying claim. RCW 4.22.040. Contribution is conditioned on the existence of joint and several liability because absent such common joint and several liability one party will have no duty to pay another's liability for damages and, thus, no cause for subsequent reimbursement. Since the adoption of the contribution statute we have, without exception, affirmed that joint and several liability is a prerequisite to a right to seek contribution. See, e.g., Glass v. Stahl Specialty Co., 97 Wash.2d 880, 887, 652 P.2d 948 (1982) ("Where there is no joint and several liability, there is no right of contribution."); Elovich v. Nationwide Ins. Co., 104 Wash.2d 543, 554, 707 P.2d 1319 (1985) ("Contribution rights extend only to persons jointly and severally liable for the injury."); Washburn, 120 Wash.2d at 292, 840 P.2d 860 ("[W]here there was no joint and several liability, there was no right to contribution."); Gerrard v. Craig, 122 Wash.2d 288, 298, 857 P.2d 1033 (1993) ("There is a basis for contribution only where there is joint and several liability.").
The State, the Society of Foresters, and Weyerhaeuser assert there is no joint and several liability here and therefore no right to contribution. Thus we turn to the law of joint and several liability.

Joint and Several Liability
Under the common law, joint and several liability arose whenever more than one tortfeasor *838 caused a plaintiff indivisible injury. In such cases the injured plaintiff could seek full compensation from any tortfeasor. See Abb v. Northern Pac. Ry. Co., 28 Wash. 428, 431, 68 P. 954 (1902); Seattle First Nat'l Bank v. Shoreline Concrete Co., 91 Wash.2d 230, 236, 588 P.2d 1308 (1978). This rule of joint and several liability was enshrined in RCW 4.22.030, which, prior to the 1986 Tort Reform Act, provided, "[i]f more than one person is liable to a claimant on an indivisible claim for the same injury, death or harm, the liability of such persons shall be joint and several." Laws of 1981, ch. 27, § 11 (codified at RCW 4.22.030).
However, in 1986 the Legislature altered tort liability in Washington by abolishing joint and several liability in most circumstances in favor of proportionate liability. Laws of 1986, ch. 305. Washburn, 120 Wash.2d at 294, 840 P.2d 860. RCW 4.22.030, the provision previously establishing joint and several liability, was amended in 1986 to read "Except as otherwise provided in RCW 4.22.070, if more than one person is liable to a claimant on an indivisible claim for the same injury, death or harm, the liability of such persons shall be joint and several." (Amendatory language emphasized.) RCW 4.22.070 is the exception which has now become the rule.[5]
RCW 4.22.070, the centerpiece of the 1986 amendatory package, requires all liability be apportioned unless a listed exception applies in which case joint and several liability is retained.[6] The operative language of RCW 4.22.070(1) provides:
In all actions involving fault of more than one entity .... [t]he liability of each defendant shall be several only and shall not be joint except....
RCW 4.22.070(1).
We have repeatedly acknowledged RCW 4.22.070 abolishes joint and several liability in Washington in favor of proportionate liability,[7] with joint and several liability retained *839 only in several explicitly listed exceptions. In the leading case of Washburn, 120 Wash.2d at 294, 840 P.2d 860, we summarized that "several liability is now intended to be the general rule." In Gerrard v. Craig, a unanimous opinion, we reiterated "RCW 4.22.070 establishes several liability as the rule in cases involving multiple tortfeasors, but identifies exceptions to the rule...." 122 Wash.2d at 292, 857 P.2d 1033. In Anderson v. City of Seattle, 123 Wash.2d 847, 850, 873 P.2d 489 (1994), we again unanimously held "RCW 4.22.070(1) establishes several liability as the general rule, but retains joint and several liability under a limited number of circumstances...."[8]
At oral argument, however, counsel for Kottler asserted joint and several liability remains the rule with proportionate liability arising only in limited cases where an exception listed in RCW 4.22.070 could, but does not, apply. See Kottler v. State, No. 65256-2, oral argument audio tape 1 (Wash.Sup.Ct. Feb. 11, 1998). Counsel argued that none of the exceptions listed in RCW 4.22.070 apply in the Kottler case, and therefore liability must be joint and several. However, such a reading ignores the reality that the Legislature abolished joint and several liability in 1986 in all cases except those falling within an exception listed in RCW 4.22.070. To read our statutes in the manner suggested by counsel would contravene the plain statutory text of the 1986 amendments as well as all subsequent case law. We decline counsel's invitation.
Under proportionate liability a negligent party is liable for his own proportionate share of fault and no more. Washburn, 120 Wash.2d at 294, 840 P.2d 860. Therefore when a proportionately liable party settles, he settles for his share alone, and he may neither seek nor be liable for contribution.
RCW 4.22.070, which generally abolishes joint and several liability, retains it in but three areas, one of which must exist for a contribution action to survive. See Washburn, 120 Wash.2d at 294, 840 P.2d 860 (no right to contribution against defendants who settled before trial because no RCW 4.22.070 exception applies); Gerrard, 122 Wash.2d at 298, 857 P.2d 1033 (same). See also Stewart A. Estes, The Short Happy Life of Litigation Between Tortfeasors: Contribution, Indemnification and Subrogation After Washington's Tort Reform Acts, 21 Seattle U.L.Rev. 69, 70 (1997) ("[U]nless an exception to the general rule of proportionate liability exists, a third-party complaint for contribution has no legal basis.").
First, modified joint and several liability is retained where the negligent parties were acting in concert or where there was a master/servant or principal/agent relationship at play. RCW 4.22.070(1)(a).
Second, full joint and several liability remains the rule in cases involving hazardous waste, tortious interference with business, and unmarked fungible goods such as asbestos. RCW 4.22.070(3)(a)-(c).
Third, a limited form of joint and several liability is retained where the plaintiff is fault-free and judgment has been entered against two or more defendants. This exception, *840 set forth in RCW 4.22.070(1)(b), provides:
If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants [claimant's] total damages.
This modified joint and several liability differs from traditional joint and several liability in three respects. First, it arises only if plaintiff is fault-free. Second, parties held jointly and severally liable will be jointly and severally liable only for the sum of their proportionate liability. See Washburn, 120 Wash.2d at 298, 840 P.2d 860. Third, the only parties that will be jointly and severally liable are "the defendants against whom judgment is entered." RCW 4.22.070(1)(b). Settling parties, released parties, and immune parties are not parties against whom judgment is entered and will not be jointly and severally liable under RCW 4.22.070(1)(b). Washburn, 120 Wash.2d at 294, 840 P.2d 860; Anderson, 123 Wash.2d at 852, 873 P.2d 489 (a released party "cannot under any reasonable interpretation of RCW 4.22.070(1)(b) be a defendant against whom judgment is entered."). Likewise, parties not named in the underlying suit are not "defendants against whom judgment is entered."[9]
Kottler and ASL argue RCW 4.22.070(1)(b)'s exclusion of settling parties from the class eligible for joint and several liability and contribution conflicts with the contribution statute, RCW 4.22.040, which references a right of contribution by settling parties. There is no conflict. As we explained in Washburn, parties settling before judgment is entered may be jointly and severally liable and may seek contribution, but not under RCW 4.22.070(1)(b). Washburn, 120 Wash.2d at 295-96, 840 P.2d 860. Parties settling before trial will be jointly and severally liable only if the case falls under an exception which does not require a judgment to be entered, such as RCW 4.22.070(1)(a) (actors in concert, master/servant, principal/agent) or RCW 4.22.070(3) (hazardous waste, tortious interference with business, and unmarked fungible goods).[10]
Kottler and ASL next assert that if the 1986 amendment is applied as written it will silently repeal the contribution statute. We do not agree. The 1986 amendments did not repeal contribution. Contribution still exists, but only to the extent there is joint and several liability. By restricting the applicability of joint and several liability, the Legislature limited the instances in which contribution is needed or available. As one commentator astutely notes, "[C]ontribution still has vitality, but only when joint and several liability existsnow an infrequent occurrence." Stewart A. Estes, supra at 70.
Kottler and ASL also argue that by requiring judgment to be entered before joint and several liability arises under RCW 4.22.070(1)(b), many plaintiffs will be discouraged from settling lest they lose the possibility of holding defendants jointly and severally liable. Without disagreeing we note the present challenge is not to the constitutionality of RCW 4.22.070. We find the requirements of RCW 4.22.070(1)(b) unambiguous and will apply the statutory text as written. If the Legislature wishes to amend the statute to alter the calculus of settlement it may. But we will not.
Our inquiry is therefore confined to whether one of the exceptions listed in RCW 4.22.070 gives rise to joint and several liability.[11] *841 If not, liability is proportionate only and there is no right to contribution.
Turning to RCW 4.22.070(1)(a) we conclude the parties were not acting in concert nor were they in a principal/agent or master/servant relationship. ASL asserts it was acting in concert with the State, the Society of Foresters, and Weyerhaeuser at the time of the bus accident. While this court has not examined the "acting in concert" exception contained in RCW 4.22.070(1)(a), we note the Court of Appeals has, concluding the exception requires the actors "consciously act together in an unlawful manner." Gilbert H. Moen Co. v. Island Steel Erectors, Inc., 75 Wash.App. 480, 487-88, 878 P.2d 1246 (1994), reversed on other grounds 128 Wash.2d 745, 912 P.2d 472 (1996). We adopt the Court of Appeals' thorough analysis on this point and find ASL, the State, the Society of Foresters, and Weyerhaeuser were not "consciously act[ing] together in an unlawful manner." Nor was there a principal/agent or master/servant relationship, and thus RCW 4.22.070(1)(a) does not give rise to joint and several liability here.
The exception codified in RCW 4.22.070(1)(b) is likewise unavailing. To qualify for this exception the original party must be fault-free and both parties to the contribution action must have been defendants against whom judgment was entered in the underlying action. Kottler and ASL both settled before trial and, accordingly, were not parties against whom judgment was entered. Similarly, the State, the Society of Foresters, and Weyerhaeuser were not even named in the underlying action and thus are certainly not defendants against whom judgment was entered. Thus, RCW 4.22.070(1)(b) does not give rise to joint and several liability.
Turning finally to RCW 4.22.070(3) we conclude these exceptions do not apply either as these cases do not involve hazardous waste, interference with business relations, or the sale of fungible goods.
Because none of the exceptions to proportionate liability listed in RCW 4.22.070 apply, liability is proportionate only, not joint and several. Thus, when Kottler and ASL settled they settled in the eyes of the law only for their proportionate shares of total liability. Absent joint and several liability they simply have no claim for contribution under the statute.[12]
The trial courts properly dismissed these contribution claims and are, therefore, affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN and ALEXANDER, JJ., concur.
TALMADGE, Justice, (concurring).
This case involves an apparent conflict between the 1981 Product Liability and Tort Reform Act, which allowed contribution among tortfeasors, and the 1986 tort reform act, which curtails the right of contribution in favor of a policy of several liability. I agree with the majority's resolution because the statutory language and our case law compel its result. Washburn v. Beatt Equip. Co., 120 Wash.2d 246, 290-99, 840 P.2d 860 (1992); Gerrard v. Craig, 122 Wash.2d 288, 298-99, 857 P.2d 1033 (1993); Anderson v. City of Seattle, 123 Wash.2d 847, 851-52, 873 P.2d 489 (1994).[1]
*842 But I write separately to urge legislative attention toward the anomalous result this case requires. Both RCW 4.22.040 and .050 (as enacted in 1981) and RCW 4.22.070 (as enacted in 1986) have as their fundamental policy the full apportionment of fault to parties, but the effect of their application to these facts requires one tortfeasor to bear the entire responsibility for plaintiffs' claims while allowing the other tortfeasors to escape any financial responsibility whatsoever for their wrongful conduct. An interpretation of the statutes that so fundamentally contradicts the intent of the Legislature in both the 1981 and 1986 tort legislation should not persist.
There is no right of contribution among tortfeasors absent the existence of joint and several liability. RCW 4.22.040(1). If the liability of the tortfeasors here is joint and several, Kottler and Olympic Rentals and ASL are entitled to pursue an action for contribution. RCW 4.22.040(2) provides:
Contribution is available to a person who enters into a settlement with a claimant only (a) if the liability of the person against whom contribution is sought has been extinguished by the settlement and (b) to the extent that the amount paid in settlement was reasonable at the time of the settlement.
Both RCW 4.22.040(1) and RCW 4.22.050(2) make it clear contribution may be pursued in a separate action, whether or not a judgment has been entered. The principal point of contention between the parties is whether joint and several liability exists so that contribution is possible.
RCW 4.22.030 establishes the general nature of liability in Washington:
Except as otherwise provided in RCW 4.22.070, if more than one person is liable to a claimant on an indivisible claim for the same injury, death or harm, the liability of such persons shall be joint and several.
Thus, the general principle in Washington established by the Legislature in 1981 is joint and several liability. Nevertheless, the 1986 Legislature carved out a large exception to joint and several liability that effectively swallows the general rule. In RCW 4.22.070, the Legislature provided for several liability in all actions involving the fault of more than one entity with a number of exceptions including: situations where parties were acting in concert, RCW 4.22.070(1)(a); actions where the claimant was without fault, RCW 4.22.070(1)(b); cases involving hazardous wastes, substances, or solid waste disposal sites, RCW 4.22.070(3)(a); cases involving tortious interference with contracts or business relations, RCW 4.22.070(3)(b); and causes of action involving the manufacture or marketing of fungible products, RCW 4.22.070(3)(c).
In the present case, the key question is whether RCW 4.22.070(1)(b), involving claimants without fault, provides for joint and several liability. The parties here allege the claimants are without fault. RCW 4.22.070(1)(b) states:
If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants [sic] total damages.
The effect of this statute is significant as RCW 4.22.070(2) indicates:
If a defendant is jointly and severally liable under one of the exceptions listed in subsections (1)(a) or (1)(b) of this section, such defendant's rights to contribution against another jointly and severally liable defendant, and the effect of settlement by either such defendant, shall be determined under RCW 4.22.040, 4.22.050, and 4.22.060.
The Legislature provides for joint and several liability of defendants if the plaintiff is without fault only if a judgment is entered against them. While we could interpret the statute to allow for joint and several liability where the parties settle prior to a judgment, such an interpretation would be contrary to the plain statutory language, as the majority determines.
*843 The Legislature ought to amend RCW 4.22.070, however, to reach this result which is beneficial to both plaintiffs and defendants. Three key principles today animate Washington's civil justice system and are reflected as goals of our tort law: (1) compensation to injured victims; (2) apportionment of fault to wrongdoers according to their share of fault; and (3) encouragement of settlements. See Washington State Senate Select Committee on Tort & Product Liability Reform Final Report 54 (Jan.1981) (noting proposed tort reform legislation (1981 act) crafted with the purpose of not discouraging settlements); Senate Journal, 47th Legis. Reg. Sess. 636-37 (1981) (same). See also Brewer v. Fibreboard Corp., 127 Wash.2d 512, 531, 901 P.2d 297 (1995) (Legislature enacted the tort reform act to encourage settlement and to assure tort victims complete satisfaction of their claims); Seattle Western Indus., Inc. v. David A. Mowat Co., 110 Wash.2d 1, 5, 750 P.2d 245 (1988) (purpose of RCW 4.22 is to ensure full compensation to tort victims and encourage settlements). The 1986 amendments to RCW 4.22 did not purport to alter these goals. See Laws 1986, ch. 305, § 100 (stating the intent of the Legislature to reduce costs associated with the tort system, while assuring adequate and appropriate compensation for persons injured through the fault of others).
The result we reach here meets none of these key principles. To allow contribution under RCW 4.22.040(2) where the plaintiff is without fault and, prior to judgment, a defendant settles all of the plaintiff's claims against all defendants would meet all of these principles.
To more effectively execute its intent, I hope the Legislature addresses and corrects this unfortunate situation in the tort law.
NOTES
[1] Kottler and Olympic Rentals shall hereinafter be referred to collectively as "Kottler."
[2] Steiner subsequently released the State for any liability it might face for Steiner's injuries.
[3] The State's alleged negligence amounted to having a narrow shoulder on the road and leaving a tree stump in the field alongside the road which created a "dangerous trap-like condition" for Kottler when he careened off the roadway. (Clerk's Papers at 8.)
[4] By 1981 the principle that harm was indivisible and could not be divided was in decline. Eight years earlier the Legislature abolished contributory negligence as a total bar in favor of pure comparative negligence between plaintiff and defendants. Laws of 1973, 1st ex. sess., ch. 138, codified at RCW 4.22.005, .015. This set the stage for comparative negligence between tortfeasors. See Gregory C. Sisk, The Constitutional Validity of the Modification of Joint and Several Liability in the Washington Tort Reform Act of 1986, 13 U. Puget Sound L.Rev. 433, 437 (1990) ("As states introduced the concept of comparative fault and allowed partially culpable plaintiffs to recover by allocating the fault for injuries between plaintiffs and defendants, the premise that wrongs were inherently indivisible or that responsibility could not rationally be apportioned among multiple parties fell into disfavor.").
[5] We noted the same in Washburn v. Beatt Equip. Co., 120 Wash.2d 246, 294 n. 7, 840 P.2d 860 (1992) ("While RCW 4.22.030 suggests that RCW 4.22.070 is an exception to a general rule, RCW 4.22.070 is in fact an exception that has all but swallowed the general rule.") (citation omitted).
[6] RCW 4.22.070 provides in full:

(1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent. The entities whose fault shall be determined include the claimant or person suffering personal injury or incurring property damage, defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, but shall not include those entities immune from liability to the claimant under Title 51 RCW. Judgment shall be entered against each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages. The liability of each defendant shall be several only and shall not be joint except:
(a) A party shall be responsible for the fault of another person or for payment of the proportionate share of another party where both were acting in concert or when a person was acting as an agent or servant of the party.
(b) If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants [claimant's] total damages.
(2) If a defendant is jointly and severally liable under one of the exceptions listed in subsections (1)(a) or (1)(b) of this section, such defendant's rights to contribution against another jointly and severally liable defendant, and the effect of settlement by either such defendant, shall be determined under RCW 4.22.040, 4.22.050, and 4.22.060.
(3)(a) Nothing in this section affects any cause of action relating to hazardous wastes or substances or solid waste disposal sites.
(b) Nothing in this section shall affect a cause of action arising from the tortious interference with contracts or business relations.
(c) Nothing in this section shall affect any cause of action arising from the manufacture or marketing of a fungible product in a generic form which contains no clearly identifiable shape, color, or marking.
(Emphasis added.)
[7] The Act refers to such liability as "several liability" or as "proportionate share" liability. RCW 4.22.070(1). Commentators have noted that such use of the term "several liability" is incorrect as several liability technically means any one of several defendants could be forced to pay the entire liability. Stewart A. Estes, The Short Happy Life of Litigation Between Tortfeasors: Contribution, Indemnification and Subrogation After Washington's Tort Reform Acts, 21 Seattle U.L.Rev. 69, 76 n.50 (1997). However, all agree that regardless of such misuse, the Legislature intended a scheme of proportionate liability. See Washburn, 120 Wash.2d at 294, 840 P.2d 860; Gregory C. Sisk, Interpretation of the Statutory Modification of Joint and Several Liability: Resisting the Deconstruction of Tort Reform, 16 U. Puget Sound L.Rev. 1, 42 n.165 (1992).
[8] All commentary agrees. See, e.g., Stewart A. Estes, supra at 76-77 ("A plain reading of the Tort Reform Act of 1986 and three recent Washington Supreme Court decisions confirm that the Act largely abolished joint and several liability in favor of a general rule of several (`proportionate') liability.") (citing Washburn, 120 Wash.2d at 294, 840 P.2d 860; Gerrard, 122 Wash.2d at 292, 857 P.2d 1033; and Anderson, 123 Wash.2d at 850, 873 P.2d 489). See also, Thomas V. Harris, Washington's 1986 Tort Reform Act: Partial Tort Settlements After the Demise of Joint and Several Liability, 22 Gonz. L.Rev. 67, 67-68 (1986/87); Cornelius J. Peck, Washington's Partial Rejection and Modification of the Common Law Rule of Joint and Several Liability, 62 Wash. L.Rev. 233 (1987); Bryan Harnetiaux, RCW 4.22.070, Joint and Several Liability, and the Indivisibility of Harm, 27 Gonz. L.Rev. 193, 195 (1991/92); and Sisk, supra at 14 (1992).
[9] See Mailloux v. State Farm Mut. Auto. Ins. Co., 76 Wash.App. 507, 513, 887 P.2d 449 (1995) (under RCW 4.22.070(1)(b) "[a] person is not liable to the plaintiff at all, much less jointly and severally, if he or she has not been named by the plaintiff.").
[10] Kirk v. Moe, 114 Wash.2d 550, 789 P.2d 84 (1990) is such a case. In Moe a principal settled with the injured plaintiff for the full liability incurred by its agent and this court allowed the principal to seek contribution from the agent, even though he settled, because under RCW 4.22.070(1)(a) a principal/agent relationship automatically gives rise to joint and several liability without the need for judgment to be entered. In the present case, in contrast, there is no principal/agent relationship at play.
[11] At argument before this court counsel for Kottler conceded none of the exceptions listed in RCW 4.22.070 applies. See Kottler v. State, No. 65256-2, oral argument audio tape 1 (Wash.Sup. Ct. Feb. 11, 1998) (William Hickman stating, "So we ask does this case come within [RCW 4.22].070? And the answer is no.").
[12] ASL argues in the alternative for reimbursement under a theory of equitable subrogation or unjust enrichment. These theories, however, do not apply where the party seeking reimbursement did not pay the debts of another (Livingston v. Shelton, 85 Wash.2d 615, 620, 537 P.2d 774 (1975)) or voluntarily did so (Coy v. Raabe, 69 Wash.2d 346, 350, 418 P.2d 728 (1966)). Because ASL's liability was proportionate only, it did not pay the debts of another or did so voluntarily and thus these theories are inapplicable. Finally, ASL argues that several of the State's affirmative defenses should be stricken. As we affirm dismissal, the validity of the State's affirmative defenses is moot and will not be addressed.
[1] But see Kirk v. Moe, 114 Wash.2d 550, 789 P.2d 84 (1990) (suggesting joint and several liability and contribution might still be possible after the 1986 legislation where a plaintiff settled with an employer and the employer subsequently sued an employee for contribution).