[No. 60072-4.   En Banc.   May 19, 1994.]

DONNA ANDERSON, as Personal Representative, Appellant, v. THE CITY OF SEATTLE, Respondent.

848

*Allen & Hansen, P.S.*, by *David Allen*, for appellant.

*Mark H. Sidran, City Attorney*, and *Carolyn G. Pohlman, Assistant*, for respondent.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amicus curiae for appellant.

*Stewart A. Estes* on behalf of Washington Defense Trial Lawyers, amicus curiae for respondent.

GUY, J. — This case presents the question whether a bankrupt defendant, who was dismissed from a lawsuit pursuant to an agreed order of dismissal, but an entity against whom fault was apportioned at trial, may have a judgment entered against her in order to preserve joint and several liability under RCW 4.22.070(1)(b). We hold judgment cannot be entered against such dismissed defendant and affirm the trial court.

## BACKGROUND

On July 17, 1987, 7-year-old Marcus Anderson, while attempting to cross a street in Seattle, was struck and killed by an automobile driven by Jo Carrie Benedict (now Wilson). Wilson was an uninsured driver. At the time of the accident Marcus Anderson was accompanied by his 12-year-old foster sister Angela Lamb.

Approximately 1 year later, on July 21, 1988, Wilson filed a no asset bankruptcy petition under Chapter 7, Title 11 of the United States Code. Attached to the petition, Wilson filed a schedule of liabilities which listed Marcus Anderson's mother, Donna Anderson (Anderson), as a potential creditor having an estimated claim against her assets for $8 million. Listed creditors were notified of Wilson's bankruptcy filing. Four months later, the bankruptcy court entered an order discharging Wilson from all dischargeable debts, including the estimated $8 million claim.

In June 1990, 1½ years after Wilson received her discharge in bankruptcy, Anderson, in her capacity as personal representative for the estate of Marcus Anderson, filed a lawsuit against Wilson, Wilson's husband, and the City of Seattle (City). The lawsuit alleged that Wilson and the City acted negligently and that their conduct was the proximate cause of Marcus Anderson's death. On December 18, 1991, the Wilsons were dismissed with prejudice from the case by an agreed order of dismissal that was signed by all parties

and approved by the Superior Court. The underpinning for the dismissal was Wilson's discharge in bankruptcy of scheduled debts, including Anderson's wrongful death claim.

The case then proceeded to jury trial against the City as the sole defendant. After all the evidence was presented, the trial judge concluded that Marcus Anderson was 0 percent at fault and prohibited the issue of his contributory fault to go to the jury. The jury was permitted to allocate fault between only three entities: Angela Lamb (the foster sister), the City, and Wilson. The jury returned a verdict in favor of Anderson for $217,766.12. The jury apportioned fault as follows: Angela Lamb 0 percent, the City 1 percent, and Wilson 99 percent.

Following the verdict, Anderson and the City presented authority on whether the City was jointly and severally liable under RCW 4.22.070. The trial court found the City severally liable for $2,177, its 1 percent share of fault. Judgment was then entered against the City.

Anderson appeals, challenging the trial court's conclusion that the City was only severally liable. We accepted direct review and affirm the trial court.

ANALYSIS

The focal point of this appeal is Washington's percentage of fault provision for multiple tortfeasors, former RCW 4.22.070.[1] RCW 4.22.070(1) establishes several liability as the general rule, but retains joint and several liability under a limited number of circumstances, one of which applies when a fault-free claimant is injured. The fault-free claimant exception to several liability is contained in RCW 4.22.070(1)(b) and is applicable to the facts of this case:

> (1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages, including the claimant or person suffering personal injury or incurring property damage, defendants,

---

[1]RCW 4.22.070 was amended in 1993 by House Bill 1264. Laws of 1993, ch. 496. House Bill 1264 relates to third party recoveries in workers' compensation cases. House Bill 1264 did not modify RCW 4.22.070(1)(b), the pertinent section applicable to this appeal.

third-party defendants, entities released by the claimant, entities immune from liability to the claimant and entities with any other individual defense against the claimant. *Judgment shall be entered against each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages. The liability of each defendant shall be several only and shall not be joint except*:

. . . .

(b) *If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants* [sic] *total damages.*

(Italics ours.) Former RCW 4.22.070(1)(b).

When this court interprets a statute, it looks first to the ordinary meaning of the words used by the Legislature. *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 668, 771 P.2d 711, 780 P.2d 260 (1989). If the language is unambiguous, the plain wording of the statute controls. *See Geschwind v. Flanagan*, 121 Wn.2d 833, 841, 854 P.2d 1061 (1993). Under the plain language of RCW 4.22.070(1)(b), joint and several liability is invoked if two events occur: (1) the trier of fact concludes the claimant or the party suffering bodily injury is fault free; and (2) judgment is entered against two or more defendants. *See Gerrard v. Craig*, 122 Wn.2d 288, 298-99, 857 P.2d 1033 (1993) (a dismissed defendant cannot be potentially liable to a plaintiff and thus cannot be a defendant against whom judgment is entered); *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 294, 840 P.2d 860 (1992) (only defendants against whom judgment is entered are jointly and severally liable and only for the sum of their proportionate share of the total damages); *see also* Gregory G. Sisk, *Interpretation of the Statutory Modification of Joint and Several Liability: Resisting the Deconstruction of Tort Reform*, 16 U. Puget Sound L. Rev. 1, 48 (1992) (joint and several liability is preserved, but only among defendants to the action against whom judgment is entered).

Joint and several liability is not available to Anderson under the facts of this case. Anderson filed her lawsuit in June 1990, against three named defendants: Wilson, Wilson's husband, and the City. On December 18, 1991, Anderson signed an agreed order dismissing the Wilsons from the lawsuit.[2] The dismissal eliminated joint and several liability under RCW 4.22.070(1)(b). Inherent in the language of subsection (1)(b) is the prerequisite that two or more defendants have a final judgment entered against them. If a final judgment is entered against only one defendant, that defendant is only severally liable for its proportionate share of fault regardless of whether fault is apportioned among other entities. Here, the trial court entered judgment against one defendant, the City. Consequently, the City is severally liable.

In summary, a defendant against whom judgment is entered, as that term is used in RCW 4.22.070(1)(b), must be a named defendant in the case when the court enters its final judgment. Because Wilson was not a named defendant when the court entered its final judgment, Wilson cannot under any reasonable interpretation of RCW 4.22.070(1)(b) be a defendant against whom judgment is entered.

---

[2]The trial court correctly accepted the agreed order dismissing the Wilsons from the lawsuit. Upon the filing of a petition in bankruptcy, a stay issues by operation of law which prevents the commencement or continuation of any judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). Upon discharge, the stay is superseded by a permanent injunction, which similarly prohibits the commencement or continuation of any action against the discharged debtor. 11 U.S.C. § 524(a)(2). Because Wilson had Anderson's wrongful death claim discharged in bankruptcy, Wilson was protected by the permanent injunction. Any attempt to modify the permanent injunction must be made in accordance with federal bankruptcy law. *See In re Catania*, 94 B.R. 250, 253 (Bankr. D. Mass. 1989) (the permanent injunction was modified to permit a claim against the debtor's employer's insurer); *In re Dorner*, 125 B.R. 198 (Bankr. N.D. Ohio 1991) (§ 524(a)(2) injunction modified to permit allocation of fault under Ohio law). *But see Brunetti v. Reed*, 70 Wn. App. 180, 183, 852 P.2d 1099 (1993) (the permanent injunction under 11 U.S.C. § 524(a)(2) does not bar a state court action to establish liability for purposes of recovering from the debtor's insurance carrier); *Green v. Welsh*, 956 F.2d 30, 35 (2d Cir. 1992) (a plaintiff may proceed against a discharged debtor, notwithstanding § 524, solely to recover from the debtor's insurer).

██ Next, Anderson argues RCW 4.22.070 violates the equal protection clause of the fourteenth amendment to the United States Constitution, the equal protection clause of article 1, section 12 of the Washington State Constitution, and the supremacy clause of the United States Constitution. This court need not decide constitutional issues if nonconstitutional grounds dispose of the case. *In re Myers*, 105 Wn.2d 257, 268, 714 P.2d 303 (1986). Here, Anderson agreed to dismiss the Wilsons from the lawsuit on December 18, 1991. Because Anderson agreed to dismiss the Wilsons, coupled with Anderson's failure to assign error to the agreed dismissal, Anderson did not properly preserve the right to attack the constitutionality of RCW 4.22.070.

Finally, the City has cross-appealed and argues it was error for the trial judge to find Marcus Anderson a fault-free claimant. The City requested that we not address the cross appealed issue if we affirm the trial court's ruling on several liability. In light of our holding and this request, we need not decide the City's cross appealed issue and we decline to do so.

CONCLUSION

We hold the City severally liable to Anderson for its 1 percent proportionate share of fault. The trial court is affirmed.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, JOHNSON, and MADSEN, JJ., concur.

Reconsideration denied September 29, 1994.