[No. 17245-3-II. Division Two. July 28, 1995.]

DAVID KOSTE, *Respondent*, v. GEORGE C. CHAMBERS, *Appellant*.

---

*Burgess Fitzer Leighton & Phillips, P.C.*, by *Timothy R. Gosselin*, for appellant.

*Rush Hannula & Harkins*, by *Vernon W. Harkins*, for respondent.

FLEISHER, J. — Following a two-car accident, the driver of one car, George Chambers, and his passenger, Rita Madsen, sued the driver of the other car, David Koste. The court transferred Madsen's claim to arbitration where she received an award against Koste. Chambers was not a party to this arbitration. Chambers's claim against Koste went to trial where Chambers was found to be 58 percent at fault for the accident and Koste was found to be 42 percent at fault. Koste then brought this action seeking contribution from Chambers for the amount he had paid to Madsen under the arbitration award. A right of contribution may exist between persons who are jointly and severally liable for the same injury. To be jointly and severally liable, a party must be a defendant against whom judgment is entered. Because Chambers was not a defendant against whom judgment was entered in the arbitration proceeding, he is not jointly and severally liable for Madsen's injuries. Accordingly, Koste does not possess a right of contribution against Chambers, and we reverse.

## FACTS

In December 1989, the appellant, George Chambers, was driving his car when it collided with a car being driven by the respondent, David Koste. Rita Madsen was a passenger in Chambers's car.

After the accident, Chambers and Madsen together filed

suit against Koste, who answered that the accident was caused by Chambers. Chambers's claim, including the issue of his comparative fault in causing the accident, was scheduled for trial while Madsen's claim was transferred to arbitration. At Madsen's arbitration hearing, the arbitrator found Koste to be at fault and Madsen free from fault. The arbitrator rendered an award of $24,000 for Madsen, which Koste paid in full. Chambers was not a party to the arbitration proceeding, and the arbitrator did not assign any fault to Chambers.

A jury subsequently heard Chambers's claim against Koste, and determined that Chambers was 58 percent at fault for the accident and Koste was 42 percent at fault. Koste paid Chambers a monetary award for his damages. Koste then brought this action seeking contribution from Chambers for 58 percent of the $24,000 that he previously had paid to Madsen in arbitration. Koste argued that this amount represented Chambers's 58 percent share of fault in causing the accident that resulted in Madsen's injuries. Both Koste and Chambers moved for summary judgment on the contribution action, and the trial court ruled for Koste. Chambers appeals.

## ANALYSIS

■ The resolution of this case focuses on the tort reform act of 1986, which significantly altered the basis of tort liability in Washington. *See* Laws of 1986, ch. 305. Under this act, several liability, rather than joint liability, is now the general rule in Washington. *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 294, 840 P.2d 860 (1992). Joint and several liability will exist if one of three statutory exceptions applies, RCW 4.22.070(1)(a), (1)(b) and (3). The relevant exception in this case, RCW 4.22.070(1)(b), states:

> If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, *the defendants against whom judgment is entered shall be jointly and severally liable* for the sum of their proportionate shares of the claimants [sic] total damages.

(Italics ours.) RCW 4.22.070(1)(b).

 Under this exception, joint and several liability arises if: (1) the trier of fact concludes the claimant or the party suffering bodily injury is fault free; and (2) judgment is entered against two or more defendants. *Anderson v. Seattle*, 123 Wn.2d 847, 851, 873 P.2d 489 (1994). A defendant against whom judgment is entered, under the statute, "must be a named defendant in the case when the court enters its final judgment". *Anderson*, 123 Wn.2d at 852. If joint and several liability is established against two or more defendants, then those defendants, and only those defendants, have a right of contribution against each other under RCW 4.22.070(2). *Washburn*, 120 Wn.2d at 295. The basis for contribution among liable defendants is their comparative fault. This right of contribution may be enforced in either the original action or in a separate action. RCW 4.22.040(1).

 In the present case, Koste possesses a right of contribution against Chambers only if he and Chambers are jointly and severally liable for Madsen's injuries. RCW 4.22.040, .070(2); *Washburn*, 120 Wn.2d at 295. To determine if joint and several liability exists under 4.22.070-(1)(b), we must address two questions. *See Anderson*, 123 Wn.2d at 851. First, was Madsen, the party suffering bodily injury, at fault? In this case, the arbitrator found her to be without fault.

Second, was Chambers a defendant against whom judgment is entered with regard to Madsen's claim for damages? The answer is no. "A person is not liable to the plaintiff at all, much less jointly and severally, if he or she has not been named by the plaintiff". *Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wn. App. 507, 513, 887 P.2d 449 (1995). Here, Madsen never named Chambers as a defendant her suit. Instead, she and Chambers sued Koste as coplaintiffs; her claim was transferred to arbitration, while his claim was scheduled for trial. Because Madsen never sued him, Chambers cannot be considered "[a] defendant against whom judgment is entered" and, there-

fore, is not jointly and severally liable for Madsen's injuries. *Washburn*, 120 Wn.2d at 294. Accordingly, Koste does not possess a right of contribution against Chambers, and we reverse.

BRIDGEWATER and WIGGINS, JJ., concur.

Reconsideration denied September 18, 1995.

Review denied at 128 Wn.2d 1021 (1996).