[No. 34124-3-I.    Division One.    August 21, 1995.]

DON GASS, ET AL., *Appellants*, v. MACPHERSON'S INC.
REALTORS, ET AL., *Respondents*.

*Dennis W. Jordan* and *James D. Twisselman*, for appellants.

*Thomas R. Merrick, Robert J. Roche,* and *Bullivant Houser Bailey Pendergrass & Hoffman,* for respondents.

BECKER, J. — A judgment was entered against Don Gass in an action for negligence. Gass later filed a contribution action against his principal, Terry Cotton. The trial court dismissed the contribution complaint for failure to state a viable claim. We affirm. The governing statutes do not contemplate contribution from a principal to an agent where the principal's liability is purely vicarious.

Don Gass is a realtor with "C" Jay's Realty, Inc. Terry Cotton, a realtor associated with MacPherson's Inc. Realtors, listed a parcel of unimproved real estate in King County owned by a Mr. and Mrs. Meyer. Gass found the Meyer property through Cotton's listing. He showed it to a Mr. and Mrs. King, and they purchased it.

An old wooden bridge provided access to the property. The Kings mistakenly believed the bridge belonged to the County. When the Kings began to clear the property, the bridge collapsed under the weight of a logging truck.

The Kings sued Gass and "C" Jay's (collectively, "Gass"), along with other alleged wrongdoers. The suit claimed Gass negligently misrepresented that the County owned and maintained the bridge. In this original action, no one

made claims against Cotton or MacPherson's (collectively, "Cotton").

Following trial, the court entered a judgment against Gass for $89,498. In September 1993—within one year of the judgment—Gass sued Cotton for contribution. The trial court dismissed the contribution complaint under CR 12(b)(6) for failure to state a claim on which relief can be granted.

■■ Dismissal under CR 12(b)(6) is unwarranted unless it appears beyond doubt that the plaintiff can prove no set of facts consistent with the complaint entitling the plaintiff to relief. This court's review is de novo and presumes that the plaintiff's factual allegations are true.[1]

The arguments of the parties revolve around two statutes, one enacted in 1981 and the other in 1986. The first statute authorizes contribution actions where there is joint liability; the second, with certain specified exceptions, eliminates joint liability.

RCW 4.22.040(1), enacted in 1981, creates a right of contribution:

> A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose. The basis for contribution among liable persons is the comparative fault of each such person. However, the court may determine that two or more persons are to be treated as a single person for purposes of contribution.[2]

The right to contribution may be enforced in an action separate from the original action:

> (2) If the comparative fault of the parties to the claim for contribution has not been established by the court in the original action, contribution may be enforced in a separate action, whether or not a judgment has been rendered against

---

[1]*Roe v. Quality Transp. Servs.*, 67 Wn. App. 604, 606, 838 P.2d 128 (1992).

[2]RCW 4.22.040(1).

either the person seeking contribution or the person from whom contribution is being sought.

(3) If a judgment has been rendered, the action for contribution must be commenced within one year after the judgment becomes final. . . .[3]

RCW 4.22.070, first enacted in 1986, requires allocation of fault and "establishes several liability as the general rule":[4]

(1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages . . . . Judgment shall be entered against each defendant . . . . The liability of each defendant shall be several only and shall not be joint except:

(a) A party shall be responsible for the fault of another person or for payment of the proportionate share of another party where both were acting in concert or when a person was acting as an agent or servant of the party.

(b) If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants total damages.

(2) If a defendant is jointly and severally liable under one of the exceptions listed in subsections (1)(a) or (1)(b) of this section, such defendant's rights to contribution against another jointly and severally liable defendant, and the effect of settlement by either such defendant, shall be determined under RCW 4.22.040, 4.22.050, and 4.22.060.[5]

The contribution complaint shows that Gass drafted it with the 1981 statute in mind. Gass alleged Cotton knew, before the closing of the King/Meyer purchase, both that King County did not own the bridge and that the Kings believed the bridge belonged to King County. Thus, Gass's initial theory was that Cotton independently breached a

---

[3]RCW 4.22.050(2), (3).

[4]*Anderson v. Seattle*, 123 Wn.2d 847, 850, 873 P.2d 489 (1994). The statute excludes from its reach three causes of action not involved here. RCW 4.22.070(3).

[5]RCW 4.22.070.

duty of disclosure to the Kings. He intended to prove that he and Cotton had been jointly liable for the damage to the Kings through their own separate torts of failing to disclose.

Joint liability is a prerequisite to a contribution action.[6] At the trial court level, Gass encountered difficulty in establishing joint liability because of RCW 4.22.070(1). In all actions "involving fault of more than one entity," joint liability exists only in limited circumstances defined by two statutory exceptions.[7]

One of the statutory exceptions, RCW 4.22.070(1)(b), creates joint liability among multiple tortfeasors when the plaintiff is free of fault. But as Cotton pointed out to the trial court, joint liability exists between two wrongdoers *only* if they are "defendants against whom judgment is entered" in the original action.[8] In the original action brought by the Kings, the court did not enter judgment against Cotton. Therefore, joint liability did not arise between Gass and Cotton under the terms of RCW 4.22.070(1)(b).

Recognizing his need to establish joint liability, Gass invoked the other exception to the rule that liability is several only—the exception for agency relationships and acting in concert, created by RCW 4.22.070(1)(a). Gass's present theory of joint liability is that he was an agent of Cotton, the listing broker.[9]

Gass did not brief his agency argument to the trial court. Ordinarily, failure to raise an issue before the trial court precludes review on appeal.[10] But since it is undis-

---

[6]RCW 4.22.040; *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 292, 840 P.2d 860 (1992).

[7]RCW 4.22.070(1).

[8]RCW 4.22.070(1)(b); *Anderson*, 123 Wn.2d at 851-52; *Gerrard v. Craig*, 122 Wn.2d 288, 298, 857 P.2d 1033 (1993); *Washburn*, 120 Wn.2d at 293-96.

[9]*See First Church of the Open Bible v. Cline J. Dunton Realty, Inc.*, 19 Wn. App. 275, 279, 574 P.2d 1211 (1978).

[10]*Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983).

puted that Gass introduced the agency theory while responding to the CR 12(b)(6) motion at oral argument below, we treat it as adequately preserved.

The characterization of Gass as Cotton's agent is not at issue. The issue is whether Gass, as Cotton's agent, has a right of contribution against Cotton that Gass, as joint tortfeasor, does not have.

According to Cotton, contribution is available only against a person who was also a party defendant in the original action. Cotton finds that limitation expressed in RCW 4.22.070(2), which refers to a *"defendant's* rights to contribution against *another* jointly and severally liable *defendant."* (Emphasis added.) We do not agree with Cotton's reading of that portion of the statute. It explains how a right of contribution is determined in an original action if there is another jointly liable defendant. It does not say that joint liability can arise only between defendants in the original action. Presumably, joint liability can arise between a party and a nonparty by operation of the agency exception, RCW 4.22.070(1)(a), if the terms of that exception are satisfied.[11]

■ A close reading of the agency exception shows that it does not operate to make Gass and Cotton jointly liable, because under its terms the principal must have been a party to the original action. RCW 4.22.070(1)(a) provides: "A party shall be responsible for the fault of another person . . . when a person was acting as an agent or servant of the party." The key word, "party," in its context means a party to the original action. Only when the principal is a "party" (to the original action) does the principal become responsible for the fault of the agent. There is no parallel provision making the principal responsible for the fault of the agent when the principal is *not* a party to the original action.

---

[11]*Cf. Gilbert H. Moen Co. v. Island Steel Erectors, Inc.,* 75 Wn. App. 480, 485-86, 878 P.2d 1246 (1994), ("Under this exception, Moen would be jointly liable for any fault attributable to Island *even if Island were not a defendant against whom judgment could be entered"*) (footnote omitted, emphasis added), *review granted,* 125 Wn.2d 1020 (1995).

Gass's theory assigns the role of principal to Cotton. Because Cotton was not a party to the original action, he does not have joint liability for the fault of Gass under RCW 4.22.070(1)(a), and Gass does not have a right of contribution.

The 1981 contribution statute offers a second and more fundamental rationale for dismissing the contribution action. The statute makes comparative fault the sole basis for contribution.[12] It follows that when a contribution defendant has no comparative fault, there is no basis for contribution.

■ "Fault" arises from acts or omissions.[13] Any fault attributed to a principal is vicarious. Vicarious fault does not arise from any acts or omissions of the principal. Vicarious liability arises by operation of law from the acts or omissions of the agent.[14] The principal is liable, " 'not as if the act was done by himself,' " but because of *respondeat superior*.[15]

If the injured party in the original action obtains a judgment against a vicariously liable principal, any fault attributed to the principal is in reality the fault of the agent. As between the principal and agent, the comparative fault of the agent is 100 percent. The comparative fault of the agent may in such a case provide the principal with a basis for seeking contribution from the agent. But if the injured party recovers first from the negligent agent, the agent has no basis to seek contribution from the principal. The comparative fault of the principal is zero percent.

The principal/agent relationship is the only theory for his contribution action that Gass has argued on appeal. In view of the limitations of RCW 4.22.070(1)(a), the element of joint liability is missing. In view of the limitations of

---

[12]RCW 4.22.040(1).

[13]RCW 4.22.015.

[14]*Marshall v. Chapman's Estate*, 31 Wn.2d 137, 143-44, 195 P.2d 656 (1948).

[15]*Marshall*, 31 Wn.2d at 144 (quoting *Doremus v. Root*, 23 Wash. 710, 63 P.2d 572, 54 L.R.A. 649 (1901)).

RCW 4.22.040(1), the element of comparative fault is missing. The trial court had no choice but to dismiss the complaint.

Affirmed.

WEBSTER and COX, JJ., concur.