976 P.2d 126 (1999)
94 Wash.App. 820
Jennifer CRAIG, Appellant,
v.
WASHINGTON TRUST BANK, Respondent.
No. 17028-4-III.
Court of Appeals of Washington, Division 3, Panel Five.
February 4, 1999.
Publication Ordered March 23, 1999.
*127 Charles T. Conrad, Spokane, Charles E. Rohr Jr., Spokane, for Appellant.
Michael A. Maurer, Michael A. Roozekrans, Spokane, for Respondent.
Sherrie Wright, Spokane, Pro Se.
BROWN, J.
Jennifer Craig, a janitor working for an independent contractor, sued Washington Trust Bank (Bank) for negligence arising from a third person criminal assault occurring one night as she left the Bank to empty trash. The trial court granted summary judgment against her. Generally, no duty exists to protect others from the criminal acts of third persons. However, some special relationships may give rise to exceptions to this general rule. We agree with the trial court that a special relation did not exist in Ms. Craig's case and affirm.

FACTS
Ms. Craig, a janitor employee of American Building Maintenance Company (ABM), worked nights at a downtown Spokane Bank branch. ABM's contract with the Bank for janitorial services specified "[ABM] is an independent contractor and all persons employed to furnish services hereunder are employees of [ABM] and not [Bank]...."
Ms. Craig reported feeling afraid to take out the garbage some nights because transients were loitering around the main garbage receptacle. Generally, the Bank encouraged all employees in its branches to be safety conscious and recommended walking in pairs to their cars and carrying mace. No Bank employee ever reported an attack outside Ms. Craig's workplace.
Ms. Craig would occasionally refuse to take the Bank's trash out because she was afraid. ABM reprimanded her for refusing to dump the trash after receiving complaints from the Bank. One night subsequent to the earlier complaints to ABM, Ms. Craig injured her leg when she tripped running away from two persons she encountered as she was taking out the Bank trash.
Ms. Craig sued the Bank for negligence for her personal injuries. The court granted the Bank summary judgment and dismissed her suit because she failed to show the Bank breached any duty to her. Ms. Craig filed this appeal.

ANALYSIS
A. Contentions. Ms. Craig contends the trial court erred in four ways. (1) Ms. Craig was an employee thereby requiring an elevated *128 duty of care. (2)The Bank had notice of potential criminal conduct. (3) The Bank affirmatively brought about the opportunity for criminal misconduct. (4) Ms. Craig was a business invitee thereby requiring an elevated duty of care.
B. Standard of Review. The standards of review for a grant of summary judgment are summarized in Schaaf v. Highfield, 127 Wash.2d 17, 21, 896 P.2d 665 (1995) and Chen v. State, 86 Wash.App. 183, 187, 937 P.2d 612, review denied, 133 Wash.2d 1020, 948 P.2d 387 (1997). CR 56(c) provides for summary judgment only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. To defeat summary judgment in a negligence case, the plaintiff must show an issue of material fact as to each elementduty, breach of duty, causation, and damages. Kennedy v. Sea-Land Serv., Inc., 62 Wash. App. 839, 856, 816 P.2d 75 (1991). All facts and reasonable inferences are considered most favorably to the nonmoving party. Schaaf, 127 Wash.2d at 21, 896 P.2d 665. The nonmoving party may not rely on speculation or argumentative assertions. Pelton v. Tri-State Memorial Hosp., 66 Wash.App. 350, 355, 831 P.2d 1147 (1992); Kirk v. Moe, 114 Wash.2d 550, 557, 789 P.2d 84 (1990). When reasonable minds could reach but one conclusion regarding claims of disputed facts, such questions may be determined as a matter of law. Ruffer v. St. Frances Cabrini Hosp., 56 Wash.App. 625, 628, 784 P.2d 1288, review denied, 114 Wash.2d 1023, 792 P.2d 535 (1990).
C. Employee or Independent Contractor. Ms. Craig first contends the trial court incorrectly concluded she was not an employee of the Bank and thus subject to certain workplace regulations. However, the language of the contract between the Bank and ABM indicates she is an employee of ABM, not the Bank. No material facts indicate otherwise, thus, the trial court was in a position to rule as a matter of law on the related legal issues. First we examine what, if any, duty the Bank owed Ms. Craig as an employee of an independent contractor.
Generally, the Bank as an owner is not liable for injuries sustained by employees of its independent contractor, ABM. Smith v. Myers, 90 Wash.App. 89, 95, 950 P.2d 1018 (1998). Nevertheless, Ms. Craig contends a duty arose under the Washington Industrial Safety and Health Act (WISHA), which sets forth two duties for an "employer." The first is a general duty imposed on an employer to protect its direct employees from hazards that are likely to cause death or serious bodily injury. RCW 49.17.060(1). The second is a specific duty imposed on employers for the benefit of all workers on a job site, not just the employer's direct employees. RCW 49.17.060(2). The specific duty, which Ms. Craig relies on here, requires the employer to "comply with the rules, regulations, and orders promulgated under this chapter." Id. Since all employers are charged with the duty to comply with the WISHA regulations, the threshold question is whether the Bank is an "employer" within the meaning of RCW 49.17.060(2). Stute v. P.B.M.C., Inc., 114 Wash.2d 454, 462-63, 788 P.2d 545 (1990).
If more than one entity may qualify as an "employer" at a job site, the primary duty to comply with the regulations falls on the employer with "innate supervisory authority... over the workplace." Id. at 462-64, 788 P.2d 545. The Bank employed ABM and ABM employed Ms. Craig. While the Bank was free to complain to ABM about its service, ABM had supervisory authority over its employees. Ms. Craig argues the Bank should have instilled a two-person policy for female janitors cleaning at night. However, it is ABM's responsibility to initiate such policy for its employees, not the Bank's. The Bank has control over the quality of the cleaning service provided by ABM because it can terminate their contract if service is not acceptable, however, it is ABM's responsibility to establish employee policy. As the trial court correctly noted, ABM hired Ms. Craig, kept her on the company books, controlled her duties and directly paid her wages. For WISHA purposes, the Bank was not Ms. Craig's employer, and therefore, owed her no duty of care.
*129 Even assuming the Bank was an "employer" under the statutory definition with "supervisory authority" giving rise to primary duty to comply with the WISHA regulations, no violation of the regulations is present. The regulations cited by Ms. Craig generally require safe workplaces and operational practices "free from recognized hazards." WAC 296-24-073(1), (3). Here, Ms. Craig was a janitor. She was not required to perform inherently dangerous duties. She was injured while taking the garbage out, neither the task itself nor the area where the dumpster was located was inherently dangerous. Adopting Ms. Craig's argument would place a burden on employers and owners not contemplated by the regulations she cites. Accordingly, we conclude the trial court did not err.
D. Bank Liability for Third Person Criminal Conduct. The issue is whether the trial court erred concluding the Bank breached no duty of care to protect Ms. Craig from the criminal acts of third persons on the Bank's premises. Generally, no person has a duty to come to the aid of a stranger or protect others from the criminal acts of third persons. Folsom v. Burger King, 135 Wash.2d 658, 958 P.2d 301 (1998). Recognizing the general rule excludes her claim, Ms. Craig seeks to fit her facts into one of the exceptions.
She first cites Hutchins v. 1001 Fourth Avenue Assocs., 116 Wash.2d 217, 224, 802 P.2d 1360 (1991). Mr. Hutchins was a passerby pushed into the defendant building owner's entryway and assaulted. He unsuccessfully claimed the building owners breached "the duty of persons who own or control buildings adjacent to a public way to maintain the buildings free of any conditions posing unreasonable dangers to passersby." Id. at 219-20, 802 P.2d 1360. The Supreme Court affirmed the trial court's grant of summary judgment reasoning:
[O]ne is normally allowed to proceed on the basis that others will obey the law. As a policy matter, this premise has legitimacy even in an area of urban crime because the alternative is to presume the need for extraordinary care by all to avoid the responsibility for the lawlessness of others.
Id. at 236, 802 P.2d 1360. Likewise, the Bank did not owe Ms. Craig a duty of extraordinary care. Even if it knew that homeless individuals sometimes dwelled or loitered in the back of the building, this fact alone does not make the Bank liable if the individuals choose to break the law.
Next, Ms. Craig argues the Bank created the opportunity for criminal misconduct by the very nature of the Bank's business. Specifically, she mentions the location of the Bank, the funds inside the Bank, and the cash machine located on an outside wall away from the garbage container.
In Morehouse v. Goodnight Bros. Constr., 77 Wash.App. 568, 892 P.2d 1112 (1995), Division One addressed this issue. Concerning the place of injury, the court reasoned necessary "some condition of the property which, by its nature, is quite out of the ordinary, i.e., presenting a special or peculiar temptation or opportunity, and involve a high degree of risk of harm." Morehouse, 77 Wash.App. at 573, 892 P.2d 1112 (quoting Hutchins, 116 Wash.2d at 232, 802 P.2d 1360). The mere fact that respondent is a bank located in the heart of a city is not out of the ordinary. Indeed, Ms. Craig could have been similarly accosted nearly any place or time if somebody chose to break the law. We agree with the trial court under these facts that no special duty results from the location and nature of the Bank's business.
Finally, the Bank concedes Ms. Craig was a business invitee and therefore, the Bank could owe her a duty of reasonable care because of that special relationship. Kessler v. Swedish Hosp. Med. Ctr., 58 Wash.App. 674, 678, 794 P.2d 871 (1990). A business owner owes an affirmative duty to invitees to the extent that the general rule of non-liability for the criminal acts of third persons does not apply. Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 203, 943 P.2d 286 (1997).
In Nivens, a customer who sustained injuries due to a parking lot assault by loitering teenagers sued 7-11, claiming it had a duty to provide security guards. The Nivens court adopted Restatement (Second) Of Torts § 344 (1965) and established a duty of reasonable care delimited by comments (d) *130 and (f) to that section. Nivens, 133 Wash.2d at 203-05, 943 P.2d 286. The Supreme Court affirmed the trial court's summary judgment holding "a business owes a duty to its invitees to protect them from imminent criminal harm and reasonably foreseeable criminal conduct by third persons. The business owner must take reasonable steps to prevent such harm in order to satisfy the duty." Id. at 205, 943 P.2d 286. The court emphasized the following portion of the Restatement Comments in its reasoning:
Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual.
Id. at 204-05, 943 P.2d 286.
Applying the rules and principles derived from Nivens, the bank did not know criminal acts had occurred as none was previously reported. Further, the Bank did not have reason to know that the criminal acts might occur simply because transients occasionally loitered near the Bank building. Thus, the Bank did not have "past experience" giving reason to know a likelihood of criminal conduct on the part of third persons in general likely to endanger Ms. Craig. The Bank did not know or have reason to know that on the particular night two individuals would choose to approach Ms. Craig, frighten her, and cause her to trip and injure her leg. Accordingly, the trial court correctly dismissed Ms. Craig's negligence claim in summary judgment because the facts failed to raise a duty.

CONCLUSION
The trial court did not err granting summary judgment against Ms. Craig because she failed to establish any duty under these facts.
Affirmed.
SCHULTHEIS, C.J., and KURTZ, J., concur.