
## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DEAN CURRY, | ) | DIVISION ONE |
| Appellant, | ) ) | No. 69155-4-I |
| v. | ) ) | |
| VIKING HOMES, INC., a Washington corporation, DEVELOPERS' SURETY & INDEMNITY CO. BOND NO. 549006C, bond issuer for Viking Homes, Inc., | ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | |
| VIKING HOMES, INC., a Washington corporation, DEVELOPERS' SURETY INDEMNITY CO. BOND NO. 549006C, bond issuer for Viking Homes, Inc., | ) ) ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| A & E INSULATION, INC., a Washington corporation; A PLUS SIDING COMPANY, LLC, a Washington limited liability company; ARTISTIC HOME THEATRE, INC., a Washington corporation; BING CARPENTRY, INC., a Washington corporation; MONROE DOOR & MILLWORK, INC., a Washington corporation; BUILDER SERVICES GROUP, INC., d/b/a GALE CONTRACTOR SERVICES, a Florida corporation; C TO C INTERIORS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

d/b/a/ C TO C CONSTRUCTION, a )
Washington corporation; CASCADE )
SAWING & DRILLING, INC., a )
Washington corporation; CORRIDOR )
ELECTRIC, INC., a Washington )
corporation; VERN J. ASMUSSEN, )
d/b/a CUSTOM CONCRETE QUALITY )
FINISHING; G&S HEATING, COOLING )
& ELECTRIC, INC., a Washington )
corporation; KARTAK GLASS, INC., )
d/b/a KARTAK GLASS & CLOSET, )
INC., d/b/a AAA KARTAK GLASS & )
CLOSET CORP., a Washington )
corporation; LANE MASONRY, INC., a )
Washington corporation; ALI J. )
FAKHAM, d/b/a MARBLE DESIGN; )
MASTER'S TOUCH DRYWALL, INC., )
a Washington corporation; MATTILA )
PAINTING, INC., a Washington )
corporation; MICHAEL ASTROF )
CONSTRUCTION, INC., a Washington )
corporation; PROTEK ROOFING, INC., )
a Washington corporation; RELIABLE )
PLUMBING NW, INC., a Washington )
corporation; REECE TRUCKING & )
EXCAVATING, INC., a Washington )
corporation; SUPERFLOORS, INC., a )
Washington corporation; and TPC )
CONSTRUCTION, INC., a Washington )
corporation; DOES 1-100, )
                                    )
        Third-Party Defendants.    )        FILED: November 18, 2013
_____ )

DWYER, J. — When a party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, our civil rules provide that the opposing party may not rest upon mere allegations contained in the pleadings. Instead, the opposing party must respond with admissible evidence demonstrating the existence of a genuine issue of material

2

fact for trial. Here, in response to the motion for summary judgment filed by Viking Homes, Dean Curry failed to present competent evidence to support the elements of the claims alleged in his complaint. We affirm the trial court's order on summary judgment dismissing Curry's suit.

I

In March 2007, Dean Curry entered into a Residential Real Estate Purchase and Sale Agreement to purchase a new home constructed by Viking Homes.[1] In the months that followed, Viking worked with Curry to address problems identified in the home inspection report and additional issues raised by Curry. Many issues were never resolved to Curry's satisfaction and eventually, Viking ceased to respond to further demands from Curry.

On August 12, 2009, Curry filed suit against Viking.[2] In his complaint, Curry identified 49 defects, including both cosmetic and structural issues. He alleged deficiencies with respect to several aspects of the home, including the subfloor, entryway steps, doors, molding and trim, garage doors, bathroom fixtures, and landscaping. Curry asserted four causes of action: breach of the purchase and sale agreement, breach of an oral contract to remedy defects, violation of the contractor registration act, chapter 18.27 RCW, and violation of the Consumer Protection Act, chapter 19.86 RCW.

Viking propounded a set of discovery requests to Curry in November 2010. A few months later, Viking's counsel contacted plaintiff's counsel about

---

[1] Viking Homes dissolved in 2010.
[2] Curry filed the lawsuit together with his former spouse Cheris Curry, who was subsequently dismissed from the case by stipulation.

3

the outstanding discovery and requested a discovery conference. The interrogatories and requests for production were still unanswered in July 2011, when Viking obtained new counsel.

Viking's new counsel conferred with Curry's counsel and the parties entered into a stipulated scheduling order in October 2011. That order set deadlines in February 2012 for Curry's disclosure of nonexpert testimony, and in March 2012, for the disclosure of the identity and opinions of expert witnesses and documents related to the construction, repairs, and alleged defects of the home.

Viking filed a third party complaint against over 20 subcontractors whose work was implicated by the allegations in Curry's complaint. In February 2012, Viking served Curry with another set of discovery requests. Several third party defendant subcontractors also initiated discovery requests. Curry did not respond to any of the discovery requests despite inquiries from Viking's counsel and counsel for third party defendants. Curry's counsel withdrew from the case in April 2012.

In May 2012, Viking filed a motion for summary judgment. Viking argued that Curry had offered no proof, through discovery or otherwise, to support the allegations in the complaint.[3] Curry did not respond to the motion, but appeared at the June 15 hearing, and requested a continuance. The court continued the hearing and allowed Curry additional time to file a response to the motion, but

---

[3] Several third party defendants joined in Viking's motion.

imposed sanctions on Curry. Curry engaged new counsel, who filed a limited appearance on his behalf and filed a response to the motion.

Curry urged the court to deny summary judgment because he had participated in discovery and because the allegations in the pleadings were sufficiently specific to defeat summary judgment. Curry attached a set of responses to discovery requests signed and served in December 2009. The answers did not include the questions they were responding to, nor did they track the questions posed in the 2010 or 2012 interrogatories served by Viking and submitted to the court in support of Viking's motion. Curry also provided Viking's 2010 responses to some of his own requests for admission.[4]  In addition, Curry supplied his own declaration in which he described his "personal background as a contractor" and a few of the construction defects referenced in the complaint, specifically problems with exterior concrete, drainage issues, and some entry doors. Curry maintained that he had responded to discovery provided to him by the attorney who initially handled his case, but that his subsequent attorney did not apprise him of any further requests.

Following a hearing, the trial court granted Viking's motion. Curry appeals.

II

As an initial matter, Curry correctly notes that the summary judgment order fails to "designate the documents and other evidence called to the attention

---

[4] In the responses signed by Viking's former counsel, Viking admitted to several facts related to the home. For instance, Viking admitted that there are resin patches on the granite countertop, that the front step is 24-inches wide, that two light switches are absent, and that the subfloor is uneven.

of the trial court before the order on summary judgment was entered." CR 56(h). Although Curry argues that we must remand for the trial court to correct the order, the authority he cites does not compel this result. See Barker v. Advanced Silicon Materials, LLC, 131 Wn. App. 616, 128 P.3d 633 (2006) (deficiency of trial court order in failing to designate the evidence relied upon did not preclude appellate review). The trial judge expressly stated that she had reviewed all materials filed by both parties and explicitly identified the materials most critical to the court's decision, including the complaint, the answer, the interrogatories propounded by Viking in 2010 and 2012, Curry's 2009 interrogatory responses, the 2011 scheduling order, Viking's motion for summary judgment and reply, Curry's belated response, and his declaration. The error in failing to list all materials considered in accordance with CR 56(h) was not prejudicial in these circumstances and does not impede our review. See W.R. Grace & Co. v. Dep't of Revenue, 137 Wn.2d 580, 590-91, 973 P.2d 1011 (1999); Citibank S. D., N.A. v. Ryan, 160 Wn. App. 286, 290 n.1, 247 P.3d 778 (2011).

Curry contends that the trial court erred in granting the motion for summary judgment because he complied with at least one discovery request and the evidence before the court demonstrated the existence of genuine issues of material fact for trial.

A motion for summary judgment is properly granted if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and the moving party is entitled to judgment as a

6

matter of law. CR 56(c). When considering a summary judgment motion, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). This court reviews a summary judgment order de novo and we engage in the same inquiry as the trial court. Khung Thi Lam v. Global Med. Sys. Inc., P.S., 127 Wn. App. 657, 661 n.4, 111 P.3d 1258 (2005).

A moving party under CR 56 bears the initial burden of demonstrating the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). When a motion for summary judgment is made and supported under CR 56, an adverse party may not rest upon the mere allegations of his pleading; the response, by affidavits or as otherwise provided for by CR 56, must set forth specific facts showing that there is a genuine issue for trial. Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988). The party opposing a motion for summary judgment may not rely on speculation, argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986); Craig v. Wash. Trust Bank, 94 Wn. App. 820, 824, 976 P.2d 126 (1999).

Here, in response to Viking's motion for summary judgment, Curry argued that the allegations in the complaint were "more than sufficient grounds for overcoming" Viking's motion for summary judgment. While Curry appropriately

7

raised concrete allegations in his initial pleading, the allegations themselves were merely opinions or suppositions, without a factual basis upon which the court could deny a summary judgment motion. The "facts" required by CR 56(e) to defeat a summary judgment motion are evidentiary in nature, and ultimate facts or conclusory statements are insufficient. See Grimwood, 110 Wn.2d at 359. Thus, standing alone, the assertions in Curry's complaint that certain aspects of the home are defective, fail to establish the existence of genuine issues of fact for trial.

In his briefing, Curry points to a "plethora of evidence" to support the claims raised in his complaint. But in fact, the only evidence before the court was Curry's own declaration, some interrogatory answers to unknown questions, and a handful of factual admissions by Viking. Curry refers to invoices, photographs, copies of e-mail, a home inspection report, and other documents, but does not cite to the record, and none of these documents actually appear in the record. The interrogatory responses Curry submitted include a list that appears to refer to documents, but no documents themselves. Neither Curry's interrogatory answers nor Viking's admissions established a factual basis to support the contractual and statutory claims. As the trial court observed, Curry's construction defect claims were predicated on breach of contract, yet the record includes no written contract. Nor is there any evidence in the record to establish the existence of an enforceable oral agreement.

Curry claims that his declaration testimony raised genuine issues of fact about deficiencies in the construction. But Curry's declaration merely provides conclusory and thinly-veiled expert opinions. For instance, Curry claims the driveway relief lines are too far apart, because "[i]n general, no one wants these areas to [exceed] 13-15"." He opines that "[n]o amount of venting will overcome the significant amount of water intrusion found under the house." And he discusses the fact that the "dimensions of the last step at the landing were grossly smaller than code."

The declaration does not establish Curry's expertise to render such opinions. ER 702. Curry describes working with his father, a contractor, when he was a child and his experience as an adult in working in the modular space division of General Electric. He states that he obtained both a general contractor's license and home inspection certificate in 2003. It does not appear, however, that Curry is a licensed contractor in Washington or has any practical experience working as a contractor. In any event, Curry made no attempt to establish admissibility under ER 702, the deadline for disclosing expert opinions had passed, and the court made no "expert" determination. And as explained, even if Curry's declaration raised a genuine issue of fact about the existence of defects, no evidence in the record establishes the terms of any oral or written contract.

Curry also argues that he presented sufficient evidence to demonstrate that Viking engaged in unfair and deceptive practices in violation of the CPA by

9

promising, but failing to deliver, quality home construction.[5] But again, while Curry alleged in his complaint that Viking engaged in an unfair act by promising a "high-quality product to Washington consumers," there is simply no evidence in the record about Viking's representations or its business practices. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986) (to establish a claim under the CPA, a plaintiff must demonstrate an unfair or deceptive act or practice, occurring in trade or commerce, public interest impact, injury in business or property, and causation).

Throughout his brief, Curry asserts that the trial court dismissed his complaint as a discovery sanction and erred in doing so because he had, in fact, responded to discovery more than two years before Viking moved for summary judgment. This argument mischaracterizes the court's ruling. As the court aptly stated in granting summary judgment:

> The purpose of the summary judgment motion is to test the sufficiency of the evidence and to apply it to the legal theories present in the case. I find no evidence of a prima facie showing of any of the causes of action based upon the evidence before me.

While it is clear that the failure to respond to discovery was the impetus behind Viking's motion for summary judgment, the trial court did not dismiss Curry's complaint as a sanction under CR 37. The court applied the proper standard and granted the motion based on Curry's failure to provide competent evidence to establish the elements of his claims.

---

[5] Curry does not contend that any evidence in the record supports a claim under the contractor registration act. He also asserts on appeal that there is evidence suggesting a breach of an implied warranty of habitability, but he did not raise this legal theory in his complaint.

We affirm the order of summary judgment.

We concur: