
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT MATICHUK, ) | No. 69105-8-I |
| ) | |
| Appellant, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | |
| WHATCOM COUNTY, a Washington ) | |
| municipality; DAVID STALHEIM, in ) | UNPUBLISHED OPINION |
| his capacity as Director of Whatcom ) | |
| County, Planning & Development ) | |
| Services; NICHOLAS A. SMITH, in ) | |
| his capacity as Planner I, Whatcom ) | FILED: April 21, 2014 |
| County Planning & Development ) | |
| Services, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

LEACH, J. — Robert Matichuk appeals the dismissal of his lawsuit for damages against Whatcom County (County). He alleges that application of a county zoning ordinance reducing the number of homes he could build on undeveloped parcels of land he purchased before the zoning went into effect amounted to an unconstitutional taking of his property. However, because Matichuk presented no competent evidence to support his claim that the County's zoning ordinance deprived him of all economically viable use of his property, we affirm the trial court's order on summary judgment dismissing his lawsuit.

FACTS

Between 2005 and 2007, Robert Matichuk purchased a total of 8 contiguous undeveloped lots in Whatcom County (lots 17 through 24). He planned to build homes on the lots and resell them. Under the urban residential zoning in effect when Matichuk purchased the parcels, he would have been permitted to build a total of seven homes on the 8 lots.

Matichuk began to develop the property in 2006. He obtained building permits for homes on lots 19 and 20. He built and sold those homes in 2007. He secured permits and built another two homes on lots 21 and 22 in 2007.

In February 2008, Whatcom County enacted Ordinance No. 2008-003, which amended the Whatcom County Comprehensive Plan Map and rezoned Matichuk's property to "Rural 5 acres." Each lot Matichuk purchased was less than five acres. Whatcom County zoning code provision, WCC 20.83.070, also applied. It consolidated adjacent lots under single ownership into a single lot when one of the lots did not conform to the minimum parcel size requirements.

A few months after the new zoning ordinance became effective, Matichuk applied for building permits to construct three residences on the 4 lots that remained undeveloped. Matichuk applied for a building permit to build one single-family home on combined lots 23 and 24. He also applied for permits to build a home on lot 17 and a separate home on lot 18.

In July 2008, Whatcom County Planning and Development Services (Planning Department) informed Matichuk that lots 17 and 18 were combined under the new zoning ordinance and that only one home could be built on the combined lot. The Planning Department also informed Matichuk that lots 23 and 24 were combined with lot 22. Matichuk had already built a home on lot 22 and retained ownership of that home.

In August 2008, Matichuk sold the home on lot 22, together with the adjoining lots 23 and 24. Matichuk constructed a home on consolidated lots 17 and 18 and sold that property in May 2009.

Matichuk challenged the Planning Department's decisions on his permit applications. He also applied for a comprehensive plan amendment seeking to have the rezoning lifted from his property. A hearing officer denied his appeal of the permitting decisions, and the county council denied his request for rezoning. Matichuk then filed this lawsuit in July 2011, seeking damages from the County. Among other claims, Matichuk alleged that the lot consolidation required by the rezoning amounted to an unconstitutional taking under the United States and Washington State Constitutions.[1]

---

[1] Matichuk also asserted a claim for conversion and a civil rights claim under 42 U.S.C. § 1983 in his complaint. He appears to have subsequently abandoned both claims.

The trial court granted the County's motion for summary judgment and dismissed Matichuk's complaint. Matichuk appeals.[2]

ANALYSIS

Before the 2008 changes, Whatcom County's zoning code allowed the construction of seven homes on Matichuk's 8 lots. But Matichuk did not have vested rights under this earlier zoning for the undeveloped lots because he had not filed building permit applications for them before the enactment of the new ordinance.[3] Nevertheless, Matichuk claimed the zoning amounted to an unconstitutional regulatory taking because he lost the opportunity to build and sell two planned homes. According to Matichuk, when the County denied him the permits to build these two homes, he lost all economically viable use of parcels 18, 23, and 24. Because Matichuk did not present competent evidence supporting this claim, we affirm the trial court.

We review an order granting summary judgment de novo.[4] Summary judgment is appropriate where, viewing all facts and resulting inferences most favorably to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[5]

---

[2] In addition to the County, Matichuk named two Planning Department employees as defendants in his complaint. Matichuk failed to serve either of the employee defendants and when the court granted summary judgment in the County's favor, it also entered final judgment in accordance with CR 54(b).

[3] See Weyerhaeuser v. Pierce County, 95 Wn. App. 883, 890, 976 P.2d 1279 (1999); Hale v. Island County, 88 Wn. App. 764, 771, 946 P.2d 1192 (1997).

[4] Briggs v. Nova Servs., 166 Wn.2d 794, 801, 213 P.3d 910 (2009).

[5] Briggs, 166 Wn.2d at 801; CR 56(c).

A party requesting summary judgment has the initial burden of showing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law.[6] A party opposing a request for summary judgment may not rest upon the allegations of his pleading; the response, by affidavits or as otherwise provided for by CR 56, must set forth specific facts showing a genuine issue of material fact.[7] The party opposing a motion for summary judgment may not rely on speculation or argumentative assertions that unresolved factual issues remain or on having its affidavits considered at face value.[8]

The takings clause of the Fifth Amendment protects individuals against uncompensated takings by both the federal and state governments.[9] Article I, section 16 of the Washington Constitution further provides, "No private property shall be taken or damaged for public or private use without just compensation having been first made."

A land use regulation may result in an unconstitutional taking.[10] For instance, an unconstitutional regulatory taking may occur where the regulation destroys a

---

[6] Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

[7] Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988).

[8] Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986); Craig v. Wash. Trust Bank, 94 Wn. App. 820, 824, 976 P.2d 126 (1999).

[9] U.S. CONST. amend. V ("nor shall private property be taken for public use, without just compensation"); Dolan v. City of Tigard, 512 U.S. 374, 383-84, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994) (takings clause is made applicable to the states through the Fourteenth Amendment).

[10] Presbytery of Seattle v. King County, 114 Wn.2d 320, 329, 787 P.2d 907 (1990).

fundamental attribute of ownership, such as the right to make "some economically viable use of the property."[11]

Matichuk contends that the trial court improperly granted summary judgment based on the fact that he sold lots 18, 23, and 24. He claims that the court's ruling was based upon mere speculation that these undeveloped lots added some value by increasing the size of the lots for the homes built on lots 17 and 22. According to Matichuk, the record contains no evidence that he received a higher purchase price because of the larger lots. At the very least, he argues a question of fact exists for this issue.

In its motion for summary judgment, the County argued that because Matichuk received value for the land, he could not establish that the zoning ordinance deprived him of all economically beneficial use of his property. Matichuk did not directly respond to this argument. He simply maintained that because the County denied his applications for permits to build two additional homes, he could do nothing with those lots and their "best and only use" was as additional yard space for the adjoining homes.

At the hearing on the County's motion for summary judgment, Matichuk's counsel acknowledged that the undeveloped lots in question were not merely given away. The court noted, "They may not have had the value that they could have had, had he built a separate home on each one, but my understanding is that

---

[11] Guimont v. Clarke, 121 Wn.2d 586, 602, 854 P.2d 1 (1993).

someone looking for a larger lot to go with their house would benefit from that extra space."

Counsel for Matichuk also acknowledged that the record included no evidence to establish if or to what extent the value of the homes on the combined lots was affected by the addition of adjoining undeveloped property. Matichuk did not produce the purchase and sales agreements or any other evidence of the sales price of either home. He did not submit any appraisals or other evidence to provide a basis to compare the value of the homes with and without additional undeveloped land. Counsel stated that he did not believe that the incorporation of lot 18 would have made a "tremendous difference on value" with respect to the home built on lot 17 because both were small parcels. He admitted that consolidation of the 3 lots, however, did create a "fairly large" parcel. When the court asked what evidence Matichuk relied upon to argue that the purchase price was the same he would have received without the lot consolidation, he failed to identify any evidence.

On appeal, Matichuk points out that in 2008, when he sold the home on the 3 consolidated lots, he entered into a supplemental agreement with the purchasers to allow him to reacquire lots 23 and 24 in the event that the County reversed its permitting decision. He focuses on the fact that this agreement recites that lots 23 and 24 were conveyed to the buyers, in addition to lot 22, "for no additional consideration." Matichuk contends that this evidence supports the inference that he

derived no additional value from the undeveloped property and the court was required to draw this inference in his favor.

However, to defeat the County's motion for summary judgment, Matichuk had the burden of producing competent evidence to establish the elements of his claim. The evidence produced by Matichuk was simply insufficient to do so. Matichuk derived some economic value from the property he owned because he admittedly built homes and sold them for value. He did not submit any evidence as to what that value was, let alone establish that it was the same value he would have received without the additional adjacent property. The supplemental agreement providing for reconveyance of lots 23 and 24 and reciting "no additional consideration" for those lots does not, in and of itself, establish that the adjacent lots added no value to the property. And, of course, the agreement pertains to only one of the consolidated parcels at issue.[12]

Because Matichuk failed to meet his burden to produce evidence to establish that the zoning ordinance deprived him of the ability to make some economically

---

[12] Because of our conclusion that Matichuk failed to produce sufficient evidence to defeat a motion for summary judgment on his taking claim, we do not address the County's argument that Matichuk lacked standing to assert his claim because he is not the current owner of the property.

viable use of his property, the trial court did not err in granting summary judgment on Matichuk's taking claim.

We affirm.

_Leach, J._

WE CONCUR:

_____ _____